**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| DANIEL ABRAMOV, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> FLUENCE ENERGY, INC., JULIAN NEBREDA, and AHMED PASHA, <br><br> Defendants. | Case No. 1:25-cv-00444-PTG-IDD <br><br> **MEMORANDUM OF LAW IN SUPPORT OF MOTION TO CONSOLIDATE THE RELATED ACTIONS, APPOINT JIM HARRISON AS LEAD PLAINTIFF AND APPROVE THE SELECTION OF LEAD COUNSEL** |
| IGOR KRAMER, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> FLUENCE ENERGY, INC., MANUEL PÉREZ DUBUC, DENNIS FEHR, JULIAN NEBREDA, MANAVENDRA SIAL, AES CORPORATION, and AES STABILITY, LLC, <br><br> Defendants. | Case No. 1:25-cv-00634-PTG-IDD |

Class member Jim Harrison ("Movant"), respectfully submits this memorandum in support of his motion for: (1) consolidation of the above-captioned actions (the "Related Actions"); (2) appointment as Lead Plaintiff pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by Section 101(b) of the Private Securities Litigation Reform Act of 1995 ("PSLRA"); and (3) approval of his selection of the law firm of Hagens Berman Sobol Shapiro LLP ("Hagens Berman"), as Lead Counsel and Offit Kurman, as Liaison Counsel for the Class.

## I.    PRELIMINARY STATEMENT

Presently pending in this District are the two related, above-captioned securities class action lawsuits (the "Related Actions") brought on behalf of all persons or entities who purchased or otherwise acquired Fluence Energy, Inc. ("Fluence" or the "Company")[1] against Fluence and certain of its executives, alleging claims for violations of the Securities Exchange Act of 1934 ("1934 Act").

Pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), the Court must decide whether to consolidate the Related Actions before selecting a movant to lead this litigation on behalf of the putative class. See 15 U.S.C. § 78u-4(a)(3)(B)(ii). Here, consolidation is appropriate because the Related Actions assert the same 1934 Act claims, against similar defendants, on behalf of overlapping classes of investors that purchased Fluence securities during similar class periods. See Fed. R. Civ. P. 42(a).

---

[1] The first-filed *Abramov* case, instituted on March 11, 2025, alleges a class period of November 29, 2023 to February 10, 2025, both dates inclusive. The later-filed *Kramer* case, filed on April 15, 2025, alleges an expanded class period of October 28, 2021 to February 10, 2025, both dates inclusive. "For purposes of appointing a lead plaintiff, the longest class period (i.e. the *Kramer* class period) governs." *Miami Police Relief & Pension Fund v. Fusion-io, Inc.*, 2014 WL 2604991, at *1 (N.D. Cal. June 10, 2014).

Thereafter, the PSLRA directs courts to appoint as lead plaintiff the class member it "determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). Here, Movant should be appointed as lead plaintiff because he has the largest financial interest in the outcome of this litigation to best of his knowledge and will typically and adequately represent the class's interests. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii). In addition, Movant's selection of Hagens Berman to serve as Lead Counsel and Offit Kurman to serve as Liaison Counsel should be approved. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).

## II.    ARGUMENT

### A.    The Related Actions Should Be Consolidated

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter [is] filed," the court shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u-4(a)(3)(B)(ii). Relatedly, under Federal Rule of Civil Procedure 42(a), consolidation is appropriate when the actions involve common questions of law or fact.

Here, the Related Actions are based upon the same alleged misconduct, name similar Defendants, allege an overlapping class period and class definition, and assert the same claims. As recognized by district courts within the Fourth Circuit, consolidation is accordingly appropriate. *See, e.g., Palm Tran, Inc. - Amalgamated Transit Union Loc. 1577 Pension Plan v. Emergent Biosolutions Inc.*, 2021 WL 6072812, at *3 (D. Md. Dec. 23, 2021) (citing *In re Royal Ahold N.V. Secs. & ERISA Litig.*, 219 F.R.D. 343, 348 (D. Md. 2003)).

### B.    Movant Should be Appointed Lead Plaintiff

#### 1.    The procedural requirements pursuant to the PSLRA.

The PSLRA outlines a strict, detailed procedure for the selection of the Lead Plaintiff to oversee a securities class action. *See* 15 U.S.C. § 78u-4(a)(3).

First, the plaintiff who files the initial action must, within 20 days of filing the action, publish a notice to the proposed class informing class members of their right to file a motion for appointment as Lead Plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i). Plaintiff in the first-filed *Abramov* Action published a notice on *Globe Newswire* on March 11, 2025. *See* Declaration of Douglas R. Kay ("Kay Decl.") filed herewith, Exhibit A. This notice indicated that applications for appointment as Lead Plaintiff were to be made no later than 60 days from the date of the press release, which would be May 12, 2025. Within 60 days after publication of the required notice, any member or members of the proposed class may apply to the Court to be appointed as Lead Plaintiff, whether or not they have previously filed a complaint in the action. *See* 15 U.S.C. § 78u-4(a)(3)(A) and (B).

Next, the PSLRA requires that within 90 days after publication of the initial notice of pendency of the action, the Court shall appoint as Lead Plaintiff the movant that the Court determines to be the most capable of adequately representing the interests of Class members. *See* 15 U.S.C. §78u- 4(a)(3)(B)(i). In making this determination, the statute directs the Court to the following objective criteria:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that—
>
> > (aa) has either filed the complaint or made a motion in response to a notice . . . .
> >
> > (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
> >
> > (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure [pertaining to class actions].

15 U.S.C. §78u-4(a)(3)(B)(iii)(I).

### C. Movant is "The Most Adequate Plaintiff"

#### 1. Movant has complied with the PSLRA and should be appointed Lead Plaintiff.

Movant moves this Court to be appointed Lead Plaintiff and has timely filed the instant Motion to be appointed Lead Plaintiff within the 60-day time period requirement. The plaintiff in the first-filed *Abramov* case published notice on *Globe Newswire*, a national business-oriented wire service, on March 11, 2025. Accordingly, Movant meets the requirements of 15 U.S.C. § 78u- 4(a)(3)(A) and (B) and has filed his motion by May 12, 2025.

#### 2. Movant has the largest known financial interest.

With regard to the proper class period for purposes of selecting a lead plaintiff, courts have routinely favored using the longest-alleged class period, which in this case is the class period alleged in the later-filed *Kramer* case: October 28, 2021 and February 10, 2025, both dates inclusive.[2] As indicated in his Certification and loss chart, Movant purchased 17,043 shares of Fluence common stock during the Class Period and suffered approximately $315,228.60 in losses. *See* Kay Decl., Exs. B, C. To the best of his counsel's knowledge, there are no other plaintiffs with a larger financial interest. Therefore, Movant satisfies the PSLRA's "largest financial interest" requirement.

#### 3. Movant satisfies the requirements of Rule 23.

In addition to having the largest financial interest, a lead plaintiff must also "otherwise satisfy] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-

---

[2] *See, e.g., In re Doral Fin. Corp. Sec. Litig.*, 414 F. Supp. 2d 398, 402-03 (S.D. N.Y. 2006) ("I find that the use of the longer, most inclusive class period … is proper, as it encompasses more potential class members …"); *Plumbers & Pipefitters Local 562 Pension Fund v. MGIC Investment Corp.*, 256 F.R.D. 620, 624-25 (E.D. Wis. 2009) (the "assumption that 'the class' … should be defined as the broadest, most inclusive potential class … makes some sense, because at the outset of a case the court should view the facts in the light most favorable to the plaintiffs and should narrow the allegations only after the parties have had the opportunity to develop the record").

4(a)(3)(B)(iii)(I)(cc). At this stage of the litigation, courts focus on the typicality and adequacy requirements. *Knurr v. OrbitalATK, Inc.*, 220 F. Supp. 3d 653, 658 (E.D. Va. 2016). Only a *prima facie* showing of typicality and adequacy is required. *See RoyalAhold*, 219 F.R.D. at 350.

Movant satisfies the typicality requirement as he seeks to represent a class of similarly situated purchasers of Fluence securities and suffered a loss as a result of Defendants' alleged misconduct. *RoyalAhold*, 219 F.R.D. at 350 (holding that the typicality requirement of Rule 23(a)(3) is satisfied when the representative plaintiff's claims arise from the same event or course of conduct that gives rise to claims of other class members or when the claims are based on the same legal theory).

Movant similarly satisfies the adequacy requirement. Movant, a Houston, Texas-based insurance agent with over 35-years of investment experience, will provide the Class with a sophisticated and knowledgeable representative in this accounting fraud. *See* Kay Decl., Ex. D. Movant's interests are clearly aligned with those of the other members of the Class. Not only is there no evidence of antagonism between Movant and the other Class members, but Movant has a significant, compelling interest in prosecuting the Action to a successful conclusion based upon his very large financial losses suffered as a result of the wrongful conduct alleged in the Action. This motivation, combined with his identical interest with the members of the Class, shows that he will vigorously pursue the interests of the Class. In addition, Movant has selected a law firm to represent him and the Class that is highly experienced in prosecuting securities class actions. *See* Kay Decl., Ex. D.

In sum, because of Movant's education and background and his common interests with the Class members, it is clear he will vigorously pursue this Action, has selected competent counsel, and is adequate. Thus, the Movant satisfies the requirements of Rule 23(a)(3) and (4).

**D.      The Court Should Approve Movant's Choice of Lead Counsel**

The PSLRA vests authority in the Lead Plaintiff to select and retain counsel to represent the Class, subject to the Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). Thus, this Court should not disturb the Lead Plaintiff's choice of counsel unless necessary to "protect the interests of the class." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected Hagens Berman to serve as Lead Counsel for the Class. The firm has not only prosecuted complex securities fraud actions but has also successfully prosecuted many other types of complex class actions as lead and/or class counsel. *See* Kay Decl., Ex. E. This Court may be assured that in the event the Movant's Motion is granted, the members of the Class will receive the highest caliber of legal representation. Movant also requests that the Court approve his selection of Liaison Counsel. Offit Kurman is familiar with practice in this district and has a well-respected reputation for practice in this Court. *See* Kay Decl., Ex. F.

### III.      CONCLUSION

For all of the foregoing reasons, Movant respectfully requests that this Court enter an order: (1) consolidating the Related Actions; (2) appointing him to serve as Lead Plaintiff in this Action; (3) approving his selection of Lead and Liaison Counsel for the Class; and (4) granting such other and further relief as the Court may deem just and proper.

Dated: May 12, 2025                    JIM HARRISON


                                       By:    */s/* Douglas R. Kay
                                              Counsel


Douglas R. Kay (Bar No. 35468)
OFFIT KURMAN, P.C.
8000 Towers Crescent Drive, Suite 1400
Tysons Corner, VA 22182
Telephone: (703) 745-1800
Facsimile: (703) 745-1835
Email: dkay@offitkurman.com

-7-

*Liaison Counsel for Movant Jim Harrison*

Lucas E. Gilmore, *pro hac vice application forthcoming* (Cal. Bar No. 250893)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
715 Hearst Avenue, Suite 300
Berkeley, CA  94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
Email: lucasghbsslaw.com

*Attorneys for Movant Jim Harrison*

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of May, 2025, a true and correct copy of the foregoing document was filed electronically with the clerk of this Court using the CM/ECF system, in accordance with Local Rules, which will send a notice of electronic filing to all registered users.

*/s/* Douglas R. Kay
Douglas R. Kay (Bar No. 35468)
OFFIT KURMAN, P.C.
8000 Towers Crescent Drive, Suite 1400
Tysons Corner, VA 22182
Telephone: (703) 745-1800
Facsimile: (703) 745-1835
Email: dkay@offitkurman.com

*Liaison Counsel for Movant Jim Harrison*