**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

------------------------------------------------------------ x

DANIEL ABRAMOV, individually and on : Civil Action No. 1:25-cv-00444-PTG-IDD
behalf of all others similarly situated, :
                                                           :  CLASS ACTION
              Plaintiff, :
                                                           :
v.                                                    :
                                                           :
FLUENCE ENERGY, INC., JULIAN :
NEBREDA, and AHMED PASHA, :
                                                           :
              Defendants. :

------------------------------------------------------------ x
------------------------------------------------------------ x

IGOR KRAMER, Individually and on Behalf : Civil Action No. 1:25-cv-00634
of All Others Similarly Situated, :
                                                           :  CLASS ACTION
              Plaintiff, :
                                                           :
v.                                                    :
                                                           :
FLUENCE ENERGY, INC., MANUEL :
PÉREZ DUBUC, DENNIS FEHR, JULIAN :
NEBREDA, MANAVENDRA SIAL, AES :
CORPORATION, and AES GRID :
STABILITY, LLC, :
                                                           :
              Defendants. :

------------------------------------------------------------ x

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF ERSTE ASSET
MANAGEMENT GMBH FOR CONSOLIDATION, APPOINTMENT AS LEAD
PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL**

4906-7169-6450.v1

**TABLE OF CONTENTS**

INTRODUCTION ............................................................................................................... 1

FACTUAL BACKGROUND ............................................................................................. 2

ARGUMENT ...................................................................................................................... 4

I.      The Related Actions Should be Consolidated ........................................................ 4

II.     Erste AM Should Be Appointed Lead Plaintiff .................................................... 6

    A.      Erste AM's Motion is Timely ..................................................................... 7

    B.      Erste AM Has the Largest Financial Interest ............................................. 7

    C.      Erste AM Satisfies the Requirements of Rule 23 ....................................... 7

        1.      Erste AM satisfies the typicality requirement ............................... 8

        2.      Erste AM satisfies the adequacy requirement ............................... 9

III.    The Court Should Approve Erste AM's Selection of Counsel ........................... 11

CONCLUSION ................................................................................................................. 13

i

ii

## TABLE OF AUTHORITIES

**N**O TABLE OF AUTHORITIES ENTRIES FOUND.**N**O TABLE OF AUTHORITIES ENTRIES FOUND.**N**O TABLE OF AUTHORITIES ENTRIES FOUND.**N**O TABLE OF AUTHORITIES ENTRIES FOUND.

4906-7169-6450.v1

Proposed lead plaintiff, Erste Asset Management GmbH ("Erste AM"), respectfully submits this Memorandum of Law in support of its Motion, pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for the entry of an order: (i) consolidating the above-captioned related actions ("the Related Actions"); (ii) appointing Erste AM as Lead Plaintiff for a proposed class consisting of all persons, other than Defendants (defined below) and their affiliates, who purchased or otherwise acquired the common stock of Fluence Energy, Inc. ("Fluence" or the "Company") between October 28, 2021, and February 10, 2025, both dates inclusive (the "Class Period"); and (iii) approving Erste AM's selection of Motley Rice LLC ("Motley Rice") and Robbins Geller Rudman & Dowd LLP ("Robbins Geller") to serve as Lead Counsel.

## INTRODUCTION

Pending before the Court are two securities fraud class action lawsuits (the "Related Actions") filed against Fluence; its current President and Chief Executive Officer ("CEO"), Julian Nebreda; and certain other of its current and former officers and executives. Specifically, the first-filed *Abramov* action also names Ahmed Pasha, Chief Financial Officer ("CFO") and Senior Vice President of Fluence since January 2024, while the second-filed *Kramer* action also names Manuel Pérez Dubuc, CEO of Fluence from May 2020 to August 2022, and member of the Company's Board of Directors from October 2021 to August 2022; Dennis Fehr, CFO of Fluence from September 2021 to September 2022; Manavendra Sial, CFO of Fluence from September 2022 to December 2023; AES Corporation; and its affiliate AES Grid Stability, LLC (collectively, "Defendants"). The complaints on file in the Related Actions allege that, during the Class Period, Defendants repeatedly made materially misleading statements and/or failed to disclose material facts related to Fluence's battery energy storage business, as well as related financial results, growth, and prospects, in violation of Sections 10(b) and 20(a) of the Securities Exchange Act of

1

4906-7169-6450.v1

1934 ("Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B). According to the complaints, when the misrepresentations were revealed to the public, the market value of Fluence common stock declined, causing the proposed class to suffer significant losses and damages.

The PSLRA directs courts to appoint as lead plaintiff the movant with the largest financial interest in the relief sought by the class who also meets the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") at this stage in the litigation. Erste AM respectfully submits that, pursuant to the PSLRA, it should be appointed Lead Plaintiff on behalf of the putative class. Erste AM has the largest financial interest of any movant it knows to be before the Court. *See* Certification and Loss Chart, Decl. of Craig C. Reilly ("Reilly Decl."), Exs. A & B. Erste AM also meets the typicality and adequacy requirements of Rule 23 because, like all members of the putative class, it seeks the recovery of losses incurred by its funds as a result of Defendants' allegedly false and misleading statements and/or omissions; it is motivated to vigorously prosecute the Related Actions; and it has committed to fairly and adequately represent the interests of the putative class. *See* Reilly Decl., Ex. A.

Finally, the Court should approve Erste AM's selection of Motley Rice and Robins Geller as Lead Counsel for the proposed class. The claims of the proposed class will be well protected by Motley Rice and Robins Geller, who have the experience, expertise, and resources necessary to handle securities litigation of this scale.

## FACTUAL BACKGROUND

Fluence, through its subsidiaries, provides energy storage and optimization software for renewables and storage applications in the Americas, Asia Pacific, Europe, the Middle East, and Africa. Prior to and leading up to the Class Period, AES Corporation owned 100% of Fluence's outstanding Class B-1 common stock, providing it with approximately 71.8% of the combined voting power of all Fluence common stock.

2

The Related Actions allege that, throughout the Class Period, Defendants made false and/or misleading statements and/or failed to disclose that: (i) a material portion of Fluence's energy storage products suffered from defective design, installation, operational, and/or maintenance issues; (ii) Fluence had repeatedly failed to address known product defects and installation errors adequately and/or failed to honor outstanding warranty obligations Fluence owed to its customers; (iii) the efficacy and safety of Fluence's energy storage products and the Company's ability to deliver projects to its customers' satisfaction had been materially overstated; (iv) as a result, Fluence's adjusted EBITDA, adjusted gross profit, and adjusted gross profit margins were artificially inflated; and (v) consequently, Fluence was exposed to material undisclosed risks of reputational and financial harm, including through loss of business from current and/or prospective clients.

On December 20, 2023, *Energy Storage News* published an article revealing that Fluence's work on one mega projection known as Diablo had suffered from a "litany of 'defects, deficiencies, and failures'" and that Fluence had delivered the project approximately eight months after it was contractually due and repeatedly failed to timely address and resolve related warranty claims. *Kramer* Action, ECF No. 1 at ¶ 33.  On this news, the price of Fluence Class A common stock fell from $27.22 per share on December 19, 2023, to $23.01 per share on December 20, 2023, a decline of approximately 15%.

On February 22, 2024, *Blue Orca Capital* issued a report revealing that Siemens Industry, Inc. and AES Corporation had been divesting their interest in Fluence and that Siemens Energy, an affiliate of Siemens Industry, Inc., had filed a lawsuit against Fluence in November 2023 alleging misrepresentations, breach of contract, and fraud. The report also revealed that, while Fluence appeared to be moving towards generating positive earnings, much of its sales and

3

earnings growth were the result of aggressive revenue pull-forwards and selectively applied earnings adjustments. On this news, the price of Fluence common stock dropped by 13%, or $2.28 per share, to close at $14.73 per share on February 22, 2024.

On November 25, 2024, Fluence reported financial results for its fourth fiscal quarter and full year 2024, revealing that only 65% of Fluence's fiscal 2025 revenue guidance was "covered by the Company's current backlog," indicating that Fluence did not have sufficient work contracted and would need to secure additional new orders to meet its revenue targets. *Kramer Action*, ECF No. 1 at ¶ 94. On this news, the price of Fluence Class A common stock fell approximately $5.13 over a two-day trading period.

On February 10, 2025, Fluence reported revenue for its first fiscal quarter of 2025 of $187 million, missing consensus estimates of $363 million by nearly 48%. The Company further reported that it was reducing its fiscal 2025 revenue guidance by approximately $600 million from $3.6 – $4.4 billion to $3.1 – $3.7 billion. On this news, the price of Fluence Class A common stock fell from $13.07 per share on February 10, 2025, to $6.18 per share on February 13, 2025, a decline of more than 52% over three trading days.

## ARGUMENT

### I.    The Related Actions Should be Consolidated

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed," courts shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u-4(a)(3)(B)(ii). As shown in the table below, two related securities class actions have been filed in this District on behalf of investors in Fluence common stock:

4

| Filed Action | Date Filed | Class Period | Defendants |
|---|---|---|---|
| *Abramov v. Fluence Energy, Inc., Julian Nebreda, and Ahmed Pasha* | Mar. 11, 2025 | Nov. 29, 2023 – Feb. 10, 2025 | Fluence Energy, Inc. Julian Nebreda Ahmed Pasha |
| *Kramer v. Fluence Energy, Inc., Manuel Pérez Dubuc, Dennis Fehr, Julian Nebreda, Manavendra Sial, AES Corporation, and AES Grid Stability, LLC* | Apr. 15, 2025 | Oct. 28, 2021 – Feb. 10, 2025 | Fluence Energy, Inc. Julian Nebreda Manuel Pérez Dubuc Dennis Fehr Manavendra Sial AES Corporation AES Grid Stability, LLC |

Consolidation is appropriate where actions involve common questions of law or fact. Fed. R. Civ. P. 42(a); *see also Bousso v. Spire Glob., Inc.*, 2024 WL 4873311, at *2 (E.D. Va. Nov. 21, 2024) (citing Fed. R. Civ. P. 42(a)). Likewise, Section 21D(a)(3)(B) of the Exchange Act contemplates the consolidation of multiple actions "asserting substantially the same claim or claims." 15 U.S.C. § 78u-4(a)(3)(B). "[C]ourts considering whether to order consolidation must determine whether 'the specific risks of prejudice and possible confusion [from consolidation are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned.'" *In re MicroStrategy Inc. Sec. Litig.*, 110 F. Supp. 2d 427, 431 (E.D. Va. 2000) (alteration in original) (citation omitted). "Where consolidation in a securities class action context is 'uncontested' and all complaints 'claim securities fraud . . . arising out of the same alleged misrepresentations,' consolidation under Rule 42 is appropriate." *Bousso*, 2024 WL 4873311, at *2 (citing *Small v. Vanda Pharms. Inc.*, 10 F. Supp. 3d 6, 11 (D.D.C. 2013)). Significantly, "courts routinely consolidate multiple class actions that allege essentially similar, but not identical, securities claims." *MicroStrategy*, 110 F. Supp. 2d at 431.

5

4906-7169-6450.v1

Here, the Related Actions should be consolidated because they present nearly identical factual and legal issues arising out of the same alleged course of misconduct – namely, Defendants' alleged misrepresentations to investors related to the Company's battery energy storage business, as well as related financial results, growth, and prospects – and concern proposed class members' purchase of Fluence common stock at artificially inflated prices during two similar class periods, both ending on February 10, 2025. Each of the Related Actions also names some of the same Defendants, namely the Company and its current CEO. While the most recently filed action alleges an additional disclosure and additional defendants, as noted above, consolidation does not require identical securities claims. *See Palm Tran, Inc. - Amalgamated Transit Union Loc. 1577 Pension Plan v. Emergent Biosolutions Inc.*, 2021 WL 6072812, at *3 (D. Md. Dec. 23, 2021) (consolidating three securities actions with substantial overlap in defendants and different class periods).[1]

For the foregoing reasons, the Court should consolidate the Related Actions pursuant to Rule 42(a) and the PSLRA as doing so would save judicial resources while presenting no risk of prejudice or confusion.

## II.    Erste AM Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1); *see also* 15 U.S.C. § 78u-4(a)(3)(B)(i). First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the complaint.

---

[1]    Differences between the Related Actions will be reconciled with the filing of a consolidated complaint by the Court-appointed lead plaintiff.

6

15 U.S.C. § 78u-4(a)(3)(A)(i). Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that:

> (aa) has either filed the complaint or made a motion in response to a notice . . . ;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

### A.      Erste AM's Motion is Timely

A notice of this Action was published on *GlobeNewswire*, a widely circulated, national, business-oriented news reporting wire service, on March 11, 2025. The notice advised class members of (i) the pendency of the action; (ii) the claims asserted therein; (iii) the proposed class period; and (iv) the right to move the Court to be appointed lead plaintiff within the 60-day period prescribed by statute, or by May 12, 2025. *See* Reilly Decl., Ex. C. Because Erste AM's motion is timely filed, it is entitled to be considered for appointment as Lead Plaintiff.

### B.      Erste AM Has the Largest Financial Interest

Erste AM's funds suffered losses of approximately $12.9 million on their purchases of Fluence common shares during the Class Period, virtually all of which are recoverable.  *See* Certification and Loss Chart, Reilly Decl., Exs. A, B; *see also Bousso*, 2024 WL 4873311, at *3 ("[T]he 'prevailing view' is "that when calculating the financial interest of potential plaintiffs, it is proper to look to the longest alleged class period among the cases to be consolidated.").  Erste AM is unaware of any other movant with a larger financial interest in the relief sought by the class.

### C.      Erste AM Satisfies the Requirements of Rule 23

In addition to possessing the largest financial interest, to benefit from a presumption that it is the most adequate lead plaintiff, a movant must "satisf[y] the requirements of Rule 23." 15

7

U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). To meet this requirement at the lead plaintiff stage of the litigation, in contrast to the class certification stage, a proposed lead plaintiff need only make a *preliminary showing* that it will satisfy the typicality and adequacy requirements of Rule 23. *See MicroStrategy*, 110 F. Supp. 2d at 435 (noting that only the typicality and adequacy requirements are relevant at the lead plaintiff stage); *Switzenbaum v. Orbital Scis. Corp.*, 187 F.R.D. 246, 250 (E.D. Va. 1999) (noting that the Rule 23 "inquiry is not as searching as the one triggered by a motion for class certification"). Typicality is satisfied if a movant shows it is "part of the class and possess[es] the same interest and suffer[s] the same injury as the class members." *Lienhart v. Dryvit Sys., Inc.*, 255 F.3d 138, 147 (4th Cir. 2001). Adequacy is satisfied if a movant shows that its interests are not adverse to the interests of the class, it has retained competent counsel, and it is otherwise competent to serve as a representative of the class. *See MicroStrategy*, 110 F. Supp. 2d at 436. Erste AM satisfies both of these requirements.

### 1.    Erste AM satisfies the typicality requirement

During the Class Period, Erste AM's funds purchased or otherwise acquired a substantial amount of Fluence common stock at prices artificially inflated by Defendants' alleged materially false and/or misleading statements and omissions in violation of Sections 10(b) and 20(a) of the Exchange Act, and suffered damages when the truth was revealed to the market. *See Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247, 266-69 (2010) (holding that Section 10(b) applies to any transaction in securities listed on a U.S. stock exchange, without regard for the nationality of the shareholder). Because Erste AM's funds suffered the same injury suffered by other class members (market losses), and because their legal claims are substantially identical to those alleged in the complaints of the Related Actions, Erste AM satisfies the typicality requirement.

8

4906-7169-6450.v1

## 2.    Erste AM satisfies the adequacy requirement

As noted above, Erste AM seeks to recover for substantially the same course of conduct by Defendants and injuries for which the rest of the proposed class seeks recovery. Erste AM's interests are thus aligned with the interests of the other members of the class. Moreover, the large financial loss suffered by its funds ensures that Erste AM will vigorously prosecute the litigation. In a case of this magnitude, it is essential that any court-appointed lead plaintiff have sufficient resources and experience to play a meaningful role in managing the litigation.

As described in the accompanying Declaration of Dr. Leopold Specht, Erste AM serves as the investment management company for the funds listed in Erste AM's accompanying Certification (i.e., ERSTE GREEN INVEST, ERSTE GREEN INVEST MIX, ERSTE RESPONSIBLE STOCK AMERICA, ERSTE RESPONSIBLE STOCK GLOBAL, and ERSTE WWF STOCK ENVIRONMENT). *See* Reilly Decl., Ex. D at ¶¶ 28-42. The funds are not legal entities, and none has the legal capacity to sue or be sued in its own name. *See id.* at ¶ 5 ("The fund is not a legal entity."). As the funds' investment management company, Erste AM (and only Erste AM) is authorized to act on behalf of the funds, including bringing claims for losses incurred by the funds as alleged in the Related Actions. *See id.* at ¶¶ 21-46; *see also Bos. Ret. Sys. v. Alexion Pharms., Inc.*, 2023 WL 2932485, at *6-9 (D. Conn. Apr. 13, 2023) (holding, at the more rigorous class certification stage, that Erste AM has standing to represent its funds and appointing Erste AM as class representative in securities class action); *In re Vivendi Universal, S.A. Sec. Litig.*, 605 F. Supp. 2d 570, 581-82 (S.D.N.Y. 2009) (finding "that the relationship between Austrian funds and their management companies qualifies for the *Huff* exception" and that an Austrian management company was "authorized to sue as a matter of law");[2]  *OSI Risk Arbritrages v.*

---

[2] The so-called prudential (or "*Huff*") exception allows third-party standing "where the plaintiff can demonstrate (1) a close relationship to the injured party and (2) a barrier to the injured party's

4906-7169-6450.v1

*Cooper Tire & Rubber Co.*, 63 F. Supp. 3d 394, 404 (D. Del. 2014) (finding investment manager had standing to sue where funds have "'no legal personality and cannot on their own'" and where manager had "'exclusive right'" and "'legal mandate'" to "engage in litigation on behalf of the . . . funds"). Erste AM was recently appointed as lead plaintiff under the PSLRA on the exact same standing basis as here in *Westchester Putnam Counties Heavy & Highway Laborers Local 60 Benefits Fund v. Shoals Technologies Group, Inc.*, Civil Action No. 3:24-cv-00334 (M.D. Tenn.) – on behalf of the same five funds – and has experience prosecuting other securities class actions. Moreover, Dr. Specht's declaration contains (at Exhibit B) a letter from the Austrian Financial Market Authority ("FMA")[3], in which the FMA confirmed that "Erste Asset Management GmbH is authorized in particular to intervene in court for the above-mentioned investment funds in Austria and abroad, to instruct lawyers to represent it in court and to bring or have brought legal action for these funds."[4] Indeed, Erste AM is precisely the type of investor whose participation in

---

ability to assert its own interests." *W.R. Huff Asset Mgmt. Co., LLC v. Deloitte & Touche LLP*, 549 F.3d 100, 109 (2d Cir. 2008). Erste AM has a close relationship to its funds, as evidenced by the fact it serves as the funds' management company, and there is a barrier to the funds asserting the claims given they do not have the capacity to bring suit. *See* Reilly Decl., Ex. D at ¶ 5 ("The fund is not a legal entity."); *Alexion*, 2023 WL 2932485, at *7 ("Erste has demonstrated 'a close relationship to the injured party,' *Huff*, 549 F.3d at 109 – i.e., to investors in the funds that Erste manages – akin to that which allows '[t]rustees [to] bring suits to benefit their trusts'" (alterations in original)).

[3]     "The FMA is Austria's independent, autonomous and integrated supervisory and resolution authority," which "monitor[s] the Austrian financial market and ensure[s] compliance with regulatory requirements." https://www.fma.gv.at/en/mission-statement/. "As an authority the Financial Market Authority has sovereignty: It is able to issue binding standards, like regulations and administrative decisions . . . . It accompanies supervised entities across their entire lifecycle: from granting a licen[s]e, which authori[z]es them to commence business operations, followed by ongoing supervision throughout their business activities, through to their liquidation, removal or surrendering of their licen[s]e." https://www.fma.gv.at/en/financial-market-supervision-in-austria/.

[4]     The five funds referenced in the FMA letter are the same funds as listed in Erste AM's Certification in this action.

10

4906-7169-6450.v1

securities class actions the PSLRA was meant to foster. *See* H.R. Conf. Rep. No. 104-369, at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733); S. Rep. No. 104-98 at 6 (1995), *reprinted in* 1995 U.S.C.C.A.N. 679, 685; *Bos. Ret. Sys. v. Alexion Pharms., Inc.*, Case No. 3:16-cv-02127-AWT (D. Conn.) (recovery of $125 million for investors with Erste AM as lead plaintiff and class representative).

Erste AM also has demonstrated its adequacy by selecting two highly qualified firms with significant experience and success prosecuting federal securities class actions to serve as Lead Counsel for the class. *See infra* Section III.

Thus, Erste AM satisfies the requirements of Rule 23 at this stage.

**III.    The Court Should Approve Erste AM's Selection of Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to court approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). Courts should not disturb a lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *see also Klugmann v. Am. Capital Ltd.*, 2009 WL 2499521, at *2 (D. Md. Aug. 13, 2009) (noting that "under PSLRA, the 'empowered' lead plaintiff has the right to select and retain class counsel, subject to [the Court's] approval" (internal quotation marks omitted) (alteration in original)). Erste AM has selected as Lead Counsel for the class the law firms of Motley Rice and Robins Geller, which jointly represent it as co-lead counsel in *Shoals* and which have a long history of working together to recover billions of dollars for investors, including in courts in this Circuit.

11

Motley Rice has substantial experience representing defrauded investors and a demonstrated history of success serving as lead counsel in numerous securities fraud class actions.[5] Its experience in the prosecution of securities class actions – including actions in this Circuit – is derived from, among other things, its service as co-lead counsel in *Bennett v. Sprint Nextel Corp.*, No. 2:09-cv-02122-EFM-KMH (D. Kan.), in which it secured a recovery of $131 million for the investor class. Motley Rice also served as sole lead and class counsel in *In re Barrick Gold Securities Litigation*, No. 1:13-cv-03851-RPP (S.D.N.Y.), in which it achieved a recovery of $140 million for the investor class. Courts have recognized Motley Rice as adequate and qualified class counsel in securities class actions, including in *In re Twitter, Inc. Securities Litigation*, No. 16-cv-05314 (N.D. Cal.), in which the firm, as sole lead counsel and (with Robbins Geller) co-class counsel, reached an $809.5 million settlement agreement in favor of the investor class in 2021 on the eve of trial. *See also KBC Asset Mgmt. NV v. 3D Sys. Corp.*, 2017 WL 4297450, at *7 (D.S.C. Sept. 28, 2017) (appointing Motley Rice and Robbins Geller as co-class counsel and holding "the Court is of the firm belief Motley Rice and Robbins Gellar are well suited to serve in this capacity"); *Leventhal v. Chegg Inc.*, 2022 WL 4099454, at *4 (N.D. Cal. Sept. 7, 2022) (finding that Motley Rice is "highly qualified and experienced in securities class litigation").

Robbins Geller, a 200-attorney nationwide law firm, regularly practices complex securities litigation. The Firm's securities department includes numerous trial attorneys and many former federal and state prosecutors and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues. Courts throughout the country, including this District, have noted Robbins Geller's reputation for excellence, which has resulted in the appointment of

---

[5]    For a detailed description of Motley Rice's and Robbins Geller's track records, resources, and attorneys, please see https://www.motleyrice.com and https://www.rgrdlaw.com, respectively. Hard copies of each firm's resumes are available upon the Court's request, if preferred.

4906-7169-6450.v1

Robbins Geller attorneys to lead roles in hundreds of complex class action securities cases. *See, e.g.*, *Knurr v. Orbital ATK, Inc.*, 2019 WL 3317976, at *1 (E.D. Va. June 7, 2019) (Judge Ellis granting final approval and lauding Robbins Geller and liaison counsel Craig C. Reilly's efforts in achieving the $108 million settlement with "skill, perseverance, and diligent advocacy."). Robbins Geller has obtained the largest securities fraud class action recoveries in the Fifth, Sixth, Seventh, Eighth, Tenth, and Eleventh Circuits, as well as trial victories in numerous districts.[6]

Mr. Reilly is a member of the bar of the Court and has previously been approved as liaison counsel for the class in actions brought under the PSLRA. *See, e.g.*, *Knurr*, 2019 WL 3317976, at *1; *MicroStrategy*, 110 F. Supp. 2d 427.

Accordingly, the Court should approve Erste AM's selection of Motley Rice and Robins Geller as Lead Counsel for the putative class.

## CONCLUSION

For the foregoing reasons, Erste AM respectfully requests that the Court: (i) consolidate the Related Actions; (ii) appoint Erste AM as Lead Plaintiff for the Class; and (iii) approve Erste AM's selection of Motley Rice and Robins Geller as Lead Counsel for the putative class.

---

[6] *See In re Enron Corp. Sec. Litig.*, No. 4:01-cv-03624 (S.D. Tex.) ($7.3 billion recovery is largest securities class action recovery in U.S. history and in the Fifth Circuit); *In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio) ($600 million recovery is the largest securities class action recovery in the Sixth Circuit); *Lawrence E. Jaffe Pension Plan v. Household Int'l Inc.*, No. 1:02-cv-05893 (N.D. Ill.) ($1.575 billion recovery is the largest securities class action recovery following a trial as well as the largest securities class action recovery in the Seventh Circuit); *In re UnitedHealth Grp. Inc. Sec. Litig.*, No. 0:06-cv-01691-JMR-FLN (D. Minn.) ($925 million recovery is the largest securities class action recovery in the Eighth Circuit); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 1:01-cv-01451-REB-KLM (D. Colo.) ($445 million recovery is the largest securities class action recovery in the Tenth Circuit); *In re HealthSouth Corp. Sec. Litig.*, No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ($671 million recovery is the largest securities class action recovery in the Eleventh Circuit).

13

4906-7169-6450.v1

DATED:  May 12, 2025

Respectfully submitted,

**THE OFFICE OF CRAIG C. REILLY, ESQ.**

*/s/ Craig C. Reilly*
Craig C. Reilly (VSB #20942)
209 Madison Street, Suite 501
Alexandria, VA 22314
Telephone:  (703) 549-5354
Facsimile:  (703) 549-5355
craig.reilly@ccreillylaw.com

*Liaison Counsel*

**MOTLEY RICE LLC**
Gregg S. Levin
Christopher F. Moriarty
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
Telephone:  (843) 216-9000
Facsimile:  (843) 216-9450
glevin@motleyrice.com
cmoriarty@motleyrice.com

**ROBBINS GELLER RUDMAN & DOWD LLP**
Danielle S. Myers
Michael Albert
655 West Broadway, Suite 1900
San Diego, CA 92101-8498
Telephone:  (619) 231-1058
Facsimile:  (619) 231-7423
dmyers@rgrdlaw.com
malbert@rgrdlaw.com

*Counsel for Erste Asset Management GmbH and Proposed Lead Counsel for the Class*

14

4906-7169-6450.v1