**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| DANIEL ABRAMOV, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> FLUENCE ENERGY, INC., JULIAN NEBREDA, and AHMED PASHA, <br><br> Defendants. | Case No. 1:25-cv-00444-PTG-IDD |
| IGOR KRAMER, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> FLUENCE ENERGY, INC., MANUEL PÉREZ DUBUC, DENNIS FEHR, JULIAN NEBREDA, MANAVENDRA SIAL, AES CORPORATION, and AES GRID STABILITY, LLC, <br><br> Defendants. | Case No. 1:25-cv-00634-PTG-IDD |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF TRUNG NGUYEN FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL**

Trung Nguyen ("Mr. Nguyen") respectfully submits this memorandum of law in support

of his motion pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA")

for an Order: (1) consolidating the above-captioned related cases; (2) appointing Mr. Nguyen as

Lead Plaintiff under 15 U.S.C. § 78u-4(a)(3)(B); (3) approving Mr. Nguyen's selection of Block

& Leviton LLP ("Block & Leviton") as Lead Counsel and Cohen Milstein Sellers & Toll PLLC

1

("Cohen Milstein") as Liaison Counsel for the putative class; and (4) granting such other relief as the Court deems just and proper (the "Motion").

## I.  PRELIMINARY STATEMENT

The above-captioned related cases ("Related Actions") are putative securities class action lawsuits on behalf of investors who purchased or otherwise acquired the securities of Fluence Energy, Inc. ("Fluence" or the "Company") common stock between October 28, 2021 and February 10, 2025, inclusive (the "Class Period").[1] The Related Actions seek to recover from Fluence and certain of its senior officers for violations of the Exchange Act. As detailed below, the Related Actions involve common issues of law and should be consolidated pursuant to Rule 42(a) of the Federal Rules of Civil Procedure. *See* § III.A., *infra*.

After consolidation, members of the putative class may move for appointment as lead plaintiff. The PSLRA allows any member of the purported class to move for appointment as lead plaintiff and sets forth the process for determining which movant is the "most adequate plaintiff." *See* 15 U.S.C. § 78u-4(a)(3)(A)-(B). Under the PSLRA, the Court must appoint as lead plaintiff the movant who: (1) makes a timely motion within the PSLRA's 60-day deadline; (2) asserts the largest financial interest in the litigation; and (3) otherwise satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Mr. Nguyen respectfully submits that he is the presumptive "most adequate plaintiff" under the PSLRA and should be appointed as Lead Plaintiff. He has timely moved for lead plaintiff appointment. Mr. Nguyen has suffered losses of approximately $283,617.48 in connection with

---

[1] The first-filed *Abramov* case, instituted on March 11, 2025, alleges a class period of November 29, 2023 to February 10, 2025, inclusive. The later-filed *Kramer* case, filed on April 15, 2025, alleges an expanded class period of October 28, 2021 to February 10, 2025, inclusive. "[C]ourts at this stage of the litigation use the most inclusive class period." *Bousso v. Spire Glob., Inc.*, 2024 WL 4873311, at *2 (E.D. Va. Nov. 21, 2024).

transactions in Fluence common stock during the Class Period and believes he has the largest known financial interest in the relief sought by the class. *See* Declaration of Steven J. Toll in Support of Motion of Trung Nguyen for Appointment as Lead Plaintiff and Approval of Counsel ("Toll Decl."), Exs. B, C. In addition to asserting the largest financial interest, Mr. Nguyen readily satisfies the relevant requirements of Rule 23 because his claims are typical of all members of the class and because he will fairly and adequately represent the class.

Lastly, Mr. Nguyen has retained experienced and competent counsel to represent the class. As the "most adequate plaintiff" under the PSLRA, Mr. Nguyen's selection of Block & Leviton as Lead Counsel and Cohen Milstein as Liaison Counsel for the class should be approved. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).

## II.  STATEMENT OF FACTS

Fluence, through its subsidiaries, provides energy storage and optimization software and delivery, operation, and maintenance services for power assets. ¶2.[2] Fluence is headquartered in Arlington, Virginia, and trades on the Nasdaq under the ticker symbol "FLNC." ¶15. The Company operates through Fluence Energy, LLC and its subsidiaries. ¶21. Fluence Energy, LLC was formed as a joint venture between Siemens Industry, Inc. ("Siemens Industry"), a subsidiary of Siemens AG ("Siemens"), and AES Grid Stability, LLC ("AES Grid Stability"), a subsidiary of the AES Corporation ("AES"). *Id*.

The Complaint alleges that Defendants' misstatements and omissions during the Class Period concealed from investors that, due to misleading accounting practices, Fluence's reported

---

[2] Citations to "¶__" refer to paragraphs of the first-filed complaint (the "Complaint"), *Abramov v. Fluence Energy, Inc.*, *et al.*, No. 1:25-cv-00444 (E.D. Va. Mar. 11, 2025), ECF No. 1.

revenue growth did not reflect the Company's underlying business strength and both Siemens's and AES's intent to divest their ownership interests. ¶30.

Throughout the Class Period, Defendants repeatedly promoted Fluence's profits and reassured investors regarding the integrity of the Company's revenue recognition practices. *See* ¶¶31-41. The Complaint alleges that these statements were materially false and/or misleading when made because they failed to disclose: a) Fluence's relationship with its founders and largest sources of revenue was poised to decline; b) Siemens Energy, Inc. ("Siemens Energy"), Fluence's largest shareholder's U.S. affiliate, had accused the Company of engineering failures and fraud; and c) Fluence's margins and revenue growth were inflated as Siemens and AES were moving to divest. ¶42.

Siemens and AES own significant voting power in Fluence: as of December 2022, AES owned approximately 71.8% of the combined voting power of all Fluence common stock and Siemens owned approximately 51%. ¶22. Siemens and AES were also Fluence's biggest customers: in December 2022, Fluence disclosed that approximately 54% of its revenue was "primarily AES." ¶23.

The first major strain on the important relationship between Fluence and Siemens Energy occurred on November 28, 2023, when Siemens Energy filed a counterclaim against Fluence bringing claims for breach of contract, fraudulent inducement, fraudulent omissions, and breaches of warranties and alleging that Fluence's work on a major battery energy storage system project was late, deficient, and caused over $9 million in damages. ¶24. Fluence did not mention Siemens Energy's counterclaim in its public filings, so investors had no reason to believe that its relationship with Siemens was fractured. ¶26. The Complaint alleges that Defendants also did not inform investors that AES decided to divest from the Company by selling its Fluence shares at

around the same time due to dissatisfaction with its business relationship. ¶27. To the contrary, in February 2024, Fluence claimed that AES was not moving away from Fluence as a supplier and that the litigation with Siemens Energy "has no effect on our strong relationship with Siemens AG." ¶28.

On February 22, 2024, the truth was partially revealed to the market when the short seller Blue Orca issued a report revealing that Fluence failed to disclose the Siemens Energy lawsuit, and that AES was also divesting its ownership. ¶43. The Blue Orca report further revealed that much of Fluence's revenue growth occurred due to manipulative accounting tactics. *Id*. On this news, the price of Fluence common stock dropped by 13%, or $2.28 per share, from a closing price of $17.01 per share on February 21, 2024 to $14.73 per share on February 22, 2024. *Id.*

Then, on February 10, 2025, Fluence announced its financial results for the first quarter of its fiscal year 2025. ¶44. Despite previously contesting the Blue Orca report, Fluence reported a net loss of $57 million, with revenues falling 49% year-over-year. *Id*. For fiscal year 2025, Fluence lowered its revenue guidance to a range of $3.1 billion to $3.7 billion, from its prior outlook of $3.6 billion to $4.4 billion. *Id.* On this news, the price of Fluence stock fell $6.07 per share, or 46.44%, to close at $7.00 per share on February 11, 2025. *Id.*

Due to these alleged misrepresentations and omissions, Mr. Nguyen and other Class members suffered significant losses and damages.

## III.  ARGUMENT

### A.    The Related Actions Should Be Consolidated

Under the PSLRA, "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter is filed, and any party has sought to consolidate those actions for pretrial purposes or for trial, the court shall not make the determination [regarding

the appointment of lead plaintiff] until after the decision on the motion to consolidate is rendered."

15 U.S.C. § 78u-4(a)(3)(B)(ii); *see also In re MicroStrategy Inc. Sec. Litig.*, 110 F. Supp. 2d 427,

431 (E.D. Va. 2000) (quoting *Werner v. Satterlee, Stephens, Burke & Burke*, 797 F. Supp. 1196,

1211 (S.D.N.Y.1992)) ("[C]onsolidation is often warranted where multiple securities fraud class

actions are based on the same public statements and reports . . . the existence of slight differences

in class periods, parties, or damages among the suits does not necessarily defeat consolidation

where the essential claims and factual allegations are similar.") (internal quotation marks omitted).

Here, the Related Actions assert claims arising during overlapping class periods under the

same statutes on behalf of the same investors. The Related Actions thus present substantially

identical factual and legal issues arising out of the same alleged course of misconduct. As such,

consolidation under Fed. R. Civ. P. 42(a) is warranted, and as noted above the more inclusive Class

Period in the *Kramer* action, No. 1:25-cv-00634, should govern. *See Bousso*, 2024 WL 4873311,

at *2 (stating that "courts at this stage of the litigation use the most inclusive class period" and

finding consolidation under Rule 42 appropriate where "complaints claim securities fraud . . .

arising out of the same alleged misrepresentations") (citations omitted). The cases should be

consolidated into the first-filed *Abramov* action, No. 1:25-cv-00444. Mr. Nguyen proposes to file

a single consolidated class action complaint under the caption *In re Fluence Energy, Inc. Securities

Litigation*, upon selection as Lead Plaintiff.

### B.    Mr. Nguyen Should Be Appointed as Lead Plaintiff

Mr. Nguyen should be appointed as Lead Plaintiff because, to his knowledge, he has the

largest financial interest in the relief sought by the class and otherwise satisfies the requirements

of Rule 23.

The PSLRA establishes a procedure for appointment of lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1). First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C § 78u-4(a)(3)(A)(i). Within 60 days after publication of the notice (*i.e.*, today, May 12, 2025), any person who is a member of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. § 78u-4(a)(3)(A)(i)(II).

Next, the PSLRA provides that, within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the members of the class the Court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. § 78u-4(a)(3)(B)(i). The PSLRA requires the Court to adopt a presumption that the most adequate plaintiff is the movant that:

> (aa) has either filed the complaint or made a motion in response to a notice [published by a complainant];
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Mr. Nguyen satisfies each of these requirements, and the Court should therefore appoint him as Lead Plaintiff.

### 1.    The Motion Is Timely.

The statutorily-required notice of this action was published on March 11, 2025, advising class members of: (1) the pendency of the action; (2) the claims asserted therein; and (3) the right to move the Court to be appointed as lead plaintiff by May 12, 2025. *See* Toll Decl., Ex. A.

Pursuant to the provisions of the PSLRA and within the required time frame after publication of the notice, Mr. Nguyen timely moves this Court to be appointed as Lead Plaintiff on behalf of all members of the class. Mr. Nguyen has signed a certification pursuant to the PSLRA, Toll Decl., Ex. B, and submits a declaration in support of his motion, Toll Decl., Ex. D. Mr. Nguyen has selected and retained qualified counsel to represent himself and the proposed class. *See* Toll Decl., Exs. E, F. Accordingly, Mr. Nguyen is entitled to have his application for appointment as Lead Plaintiff and selection of Lead Counsel considered and approved by the Court.

### 2.    Mr. Nguyen Has a Substantial Financial Interest in the Relief Sought by the Class.

According to 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court shall appoint as lead plaintiff the movant that has the largest financial interest in the relief sought by the class. During the Class Period, as evidenced by Mr. Nguyen's accompanying signed certification and loss chart, Mr. Nguyen incurred substantial losses—a total of $283,617.48. Toll Decl., Exs. B, C. At the time of this filing, Mr. Nguyen believes that he possesses the largest "financial interest in the relief sought by the class." *Knurr v. Orbital ATK, Inc.*, 220 F. Supp. 3d 653, 657-58 (E.D. Va. 2016). Accordingly, Mr. Nguyen is entitled to the presumption that he is the most adequate lead plaintiff.

### 3.    Mr.  Nguyen Otherwise Satisfies Rule 23's Requirements.

In addition to possessing a significant financial interest, a presumptive lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15

U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc); *see also Switzenbaum v. Orbital Scis. Corp.*, 187 F.R.D. 246, 250 (E.D. Va. 1999). Rule 23 requires that the "claims or defenses of the representative parties are typical of the claims or defenses of the class; and [that] the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(3)-(4). To be appointed lead plaintiff, Mr. Nguyen needs only to make "a preliminary showing that [he] has claims which are typical of those of the putative class and that [he] has the capacity to provide adequate representation for others." *Grad v. Ironnet, Inc.*, 2022 WL 2789899, at *3 (E.D. Va. July 15, 2022) (quoting *Switzenbaum*, 187 F.R.D. at 250).

Typicality requires that "a class representative must be part of the class and possess the same interest and suffer the same injury as the class members." *Lienhart v. Dryvit Sys., Inc.*, 255 F.3d 138, 146 (4th Cir. 2001). Like all class members, Mr. Nguyen purchased Fluence stock during the Class Period at allegedly inflated prices and suffered financial losses as a result. *See DeLuca v. Instadose Pharma Corp.*, 2022 WL 3020417, at *5 (E.D. Va. July 29, 2022) (movant typical where it bought defendant's stock "during the period of time specified in the Complaint at prices artificially inflated by allegedly false or misleading statements and suffer[ed] financial losses as a result"); Toll Decl., Exs. B, C.

Mr. Nguyen will adequately protect the interests of the class. Adequacy under Rule 23 requires that the Lead Plaintiff "(i) does not have interests that are adverse to the interests of the class, (ii) has retained competent counsel, and (iii) is otherwise competent to serve as class representative." *MicroStrategy*, 110 F. Supp. 2d at 435-36. Mr. Nguyen has a substantial financial interest in the case, and he is committed to vigorously pursuing claims on behalf of the class. As discussed below, he has selected qualified counsel, highly experienced in securities litigation. Mr. Nguyen has also submitted a sworn declaration with this motion providing information about

himself and his background and confirming his desire, willingness, and ability to serve as lead plaintiff. Toll Decl., Ex. D. Moreover, Mr. Nguyen is not aware of any conflicts between his claims and those asserted by the class.

Mr. Nguyen's substantial financial interest, alignment with class interests, and selection of highly qualified counsel demonstrate that he *prima facie* satisfies the relevant Rule 23 prerequisites at this stage of the litigation.

### C.    The Court Should Approve Mr. Nguyen's Selection of Counsel

Under the PSLRA, the proposed lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class he seeks to represent. 78u-4(a)(3)(B)(v). The Court shall approve Lead Plaintiff's selection of counsel "based solely on that counsel's competence, experience, and resources." *Microstrategy*, 110 F. Supp. 2d at 439. Mr. Nguyen has selected Block & Leviton, a firm with substantial experience in the prosecution of shareholder and securities class actions to serve as Lead Counsel. *See* Toll Decl., Ex. E. As noted by one district court:

> While I recognize that each counsel is well qualified, I am particularly persuaded by [Block & Leviton's] experience in large securities class actions, such as its representation of plaintiffs in *In re BP Securities Litigation* (S.D. Tex.), *In re Google Inc. Class C Shareholder Litig.* (Del. Ch. Ct.), and *In re Volkswagen "Clean Diesel" Marketing, Sales and Products Liability Litigation* (N.D. Cal.). I find the experience garnered from such representations will benefit the shareholder in this suit.

*Thieffry v. Synchronoss Tech., Inc.*, No. 3:17-cv-07173-FLW-LHG (D.N.J. May 24, 2018) (ECF No. 21).

Courts across the country have likewise recognized Block & Leviton's adequacy and appointed the firm as lead counsel. *See, e.g.*, *Amberber v. EHang Holdings Ltd.*, 2022 WL 409096, at *5 (S.D.N.Y. Feb. 10, 2022) ("Block & Leviton LLP can capably represent the class here, given the firm's experience in litigating class action lawsuits."); *Bardaji v. Match Grp., Inc.*, 2023 WL

3624774, at *3 (D. Del. May 24, 2023) (noting that Block & Leviton "has substantial experience in securities fraud litigation [and] has obtained a significant number of sizeable settlements in these cases over the years."); *see also In re Lyft, Inc. Sec. Litig.*, 2023 WL 5068504, at *9 (N.D. Cal. Aug. 7, 2023) (approving $25 million settlement and stating, "Block & Leviton are highly experienced lawyers with expertise in securities class actions").

Regarding liaison counsel, Mr. Nguyen has selected Cohen Milstein, a highly qualified law firm that has served as counsel in numerous securities class actions in this District. *See, e.g.*, *In re Mills Corp. Sec. Litig.*, No. 06-cv-77 (E.D. Va.) (served as liaison counsel and achieved a $202.75 million recovery for investors); *In re Lumber Liquidators Holdings, Inc. Sec. Litig.*, No. 13-cv-157 (E.D. Va.) (served as liaison counsel and achieved a $45 million recovery for investors); *Plymouth Cty. Ret. Sys. v. GTT Commc'ns, Inc.*, No. 19-cv-982 (E.D. Va.) (served as liaison counsel and achieved a $25 million recovery for investors); *see also* Toll Decl., Ex. F (Cohen Milstein's firm résumé).

Accordingly, the Court should approve Mr. Nguyen's selection of Block & Leviton as Lead Counsel and Cohen Milstein as Liaison Counsel for the Class.

## IV. CONCLUSION

The Related Actions involve substantially the same facts and thus are subject to consolidation. Mr. Nguyen has satisfied each of the PSLRA's requirements for appointment as lead plaintiff. As such, Mr. Nguyen respectfully requests that the Court: (1) consolidate the above-captioned Related Actions; (2) appoint Mr. Nguyen as Lead Plaintiff; (3) approve Mr. Nguyen's selection of Block & Leviton as Lead Counsel and Cohen Milstein as Liaison Counsel; and (4) grant such other relief as the Court may deem just and proper.

DATED: May 12, 2025                    Respectfully submitted,

                                       /s/ Steven J. Toll
                                       Steven J. Toll (Va. Bar No. 15300)
                                       Julie Goldsmith Reiser
                                       S. Douglas Bunch
                                       **COHEN MILSTEIN SELLERS
                                         & TOLL PLLC**
                                       1100 New York Avenue NW, Suite 800
                                       Washington, DC 20005
                                       Tel.: (202) 408-4600
                                       Fax: (202) 408-4699
                                       stoll@cohenmilstein.com
                                       jreiser@cohenmilstein.com
                                       dbunch@cohenmilstein.com

                                       *Liaison Counsel for Trung Nguyen*

                                       /s/ Jeffrey Block
                                       Jeffrey C. Block (*pro hac vice* forthcoming)
                                       Jacob A. Walker (*pro hac vice* forthcoming)
                                       **BLOCK & LEVITON LLP**
                                       260 Franklin Street, Suite 1860
                                       Boston, MA 02110
                                       Tel.: (617) 398-5600
                                       Fax: (617) 507-6020
                                       jeff@blockleviton.com
                                       jake@blockleviton.com

                                       *Counsel for Trung Nguyen and Proposed Lead
                                       Counsel for the Class*

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of May 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send notification to counsel of record.

/s/ Steven J. Toll
Steven J. Toll (Va. Bar No. 15300)
**COHEN MILSTEIN SELLERS**
**& TOLL PLLC**
1100 New York Avenue NW, Suite 800
Washington, DC 20005
Tel.: (202) 408-4600
Fax: (202) 408-4699
stoll@cohenmilstein.com