**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

```
-------------------------------------------------------- x
DANIEL ABRAMOV, individually and on      :   Civil Action No. 1:25-cv-00444-PTG-IDD
behalf of all others similarly situated,     :
                                             :   CLASS ACTION
               Plaintiff,                    :
                                             :
                                             :
v.                                           :
                                             :
                                             :
FLUENCE ENERGY, INC., JULIAN                 :
NEBREDA, and AHMED PASHA,                    :
                                             :
               Defendants.                   :
-------------------------------------------------------- x
-------------------------------------------------------- x
IGOR KRAMER, Individually and on Behalf  :   Civil Action No. 1:25-cv-00634
of All Others Similarly Situated,            :
                                             :   CLASS ACTION
               Plaintiff,                    :
                                             :
                                             :
v.                                           :
                                             :
                                             :
FLUENCE ENERGY, INC., MANUEL                 :
PÉREZ DUBUC, DENNIS FEHR, JULIAN             :
NEBREDA, MANAVENDRA SIAL, AES                :
CORPORATION, and AES GRID                    :
STABILITY, LLC,                              :
                                             :
               Defendants.                   :
-------------------------------------------------------- x
```

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE MOTION OF ERSTE**
**ASSET MANAGEMENT GMBH FOR CONSOLIDATION, APPOINTMENT AS LEAD**
**PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL, AND IN OPPOSITION**
<u>**TO THE COMPETING MOTIONS**</u>

Erste Asset Management GmbH ("Erste AM") respectfully submits this Memorandum of Law in further support of its unopposed Motion for the entry of an order: (i) consolidating the above-captioned related securities class actions ("the Related Actions"); (ii) appointing Erste AM as Lead Plaintiff; and (iii) approving Erste AM's selection of Motley Rice LLC ("Motley Rice") and Robbins Geller Rudman & Dowd LLP ("Robbins Geller") to serve as Lead Counsel.

**ARGUMENT**

On May 12, 2025, Erste AM timely filed a motion under the Private Securities Litigation Reform Act of 1995 ("PSLRA") seeking consolidation of the Related Actions, appointment as Lead Plaintiff, and approval of its selection of Lead Counsel.  *See* ECF No. 30. Similar motions were filed that same day by: (i) Jim Harrison (ECF No. 16); (ii) Maria Sawdyk (ECF No. 19); (iii) Cathy J. Snyder (ECF No. 22); (iv) Kai Chen (ECF No. 26); and (v) Trung Nguyen (ECF No. 29).

As an initial matter, all six movants agree that the Related Actions meet the requirements for consolidation under Rule 42(a) of the Federal Rule of Civil Procedure and that  consolidation is appropriate to adjudicate the Related Actions efficiently. *See* ECF Nos. 16, 19, 22, 26, 29, 30; *see also Bousso v. Spire Glob., Inc.*, 2024 WL 4873311, at *2 (E.D. Va. Nov. 21, 2024) ("Where consolidation in a securities class action context is 'uncontested' and all complaints 'claim securities fraud . . . arising out of the same alleged misrepresentations,' consolidation under Rule 42 is appropriate." (citation omitted) (ellipses in original)).

With respect to the motions to appoint a Lead Plaintiff, the PSLRA creates a presumption that the "most adequate plaintiff" is the applicant asserting the largest financial interest in the litigation that also makes a prima facie showing of typicality and adequacy. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *Bousso*, 2024 WL 4873311, at *2 (discussing lead plaintiff selection process under the PSLRA). The most adequate plaintiff is entitled to appointment as Lead Plaintiff unless the presumption in its favor is rebutted by "proof" that it "will not fairly and adequately protect

1

the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also Giraudon v. Innovative Indus. Props., Inc.*, 2025 WL 1167847, at *5 (D. Md. Apr. 22, 2025) (holding that "'exacting proof' required to rebut the presumption that [the movant with the largest claimed loss] is the most adequate lead plaintiff"); *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 288 F.R.D. 26, 40 (S.D.N.Y. 2012) (same). Here, Erste AM qualifies as the most adequate plaintiff under the PSLRA and is entitled to appointment as Lead Plaintiff because no proof has been offered to rebut the presumption in its favor.

First, Erste AM indisputably has the "largest financial interest" in this litigation. In assessing financial interest for the purpose of appointing a Lead Plaintiff, courts, including courts in this District, routinely hold that *loss* is the most important measure. *See, e.g.*, *Bousso*, 2024 WL 4873311, at *4; *Richman v. Goldman Sachs Grp., Inc.*, 274 F.R.D. 473, 479 (S.D.N.Y. 2011). As shown in the table below, Erste AM's funds suffered losses of nearly $13 million, more than 40 times the loss of the movant with the next largest loss, and greater than the losses of all other movants combined.

| Movant | Total LIFO Losses |
|---|---|
| Erste Asset Management GmbH | $12,936,317 |
| Jim Harrison | $315,228 |
| Trung Nguyen | $283,617 |
| Kai Chen | $141,564 |
| Maria Sawdyk | $124,403 |
| Cathy J. Snyder | $104,504 |

Second, in addition to possessing the largest financial interest, Erste AM readily satisfies the typicality and adequacy requirements of Rule 23. *See In re MicroStrategy Inc. Sec. Litig.*, 110 F. Supp. 2d 427, 435 (E.D. Va. 2000) (noting that only the typicality and adequacy requirements are relevant at the lead plaintiff stage); *Switzenbaum v. Orbital Scis. Corp.*, 187 F.R.D. 246, 250

(E.D. Va. 1999) (noting that the Rule 23 "inquiry is not as searching as the one triggered by a motion for class certification"). As set forth in its initial Motion and supporting papers, Erste AM fully understands the obligations of a lead plaintiff under the PSLRA and has affirmed its commitment to achieving the best possible result for the Class. *See* ECF No. 30, 31 at 6-11. Erste AM, a sophisticated institutional investor with billions of dollars/euros of assets under management, has the resources, knowledge, motivation, and prior lead plaintiff and class representative experience to oversee counsel and ensure that the Class's claims are vigorously and efficiently prosecuted. As such, Erste AM is the prototypical lead plaintiff envisioned by Congress when it enacted the PSLRA. *See* H.R. Conf. Rep. No. 104-369, at *34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733 (explaining that "increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions"); *Bos. Ret. Sys. v. Alexion Pharms., Inc.*, Case No. 3:16-cv-02127-AWT (D. Conn.) (recovery of $125 million for investors with Erste AM as lead plaintiff and class representative).

Because it both possesses the largest financial interest in the litigation and meets the requirements of Rule 23 at this stage, Erste AM is the presumptive Lead Plaintiff under the analysis required by the PSLRA. In recognition of this fact, each of the other movants has either withdrawn its motion for appointment as Lead Plaintiff or filed a notice of non-opposition. *See* ECF Nos. 38, 41, 42, 43, 44. Accordingly, because no "proof" has been presented to rebut the presumption in favor of appointing Erste AM as Lead Plaintiff, Erste AM is entitled to appointment. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

The Court also should approve Erste AM's selection of Motley Rice and Robbins Geller as Lead Counsel for the putative Class. Both firms have demonstrated histories of successfully

3

litigating securities class actions like this one (ECF No. 31 at 12-13), and courts should not disturb a lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); s*ee also Klugmann v. Am. Capital Ltd.*, 2009 WL 2499521, at *2 (D. Md. Aug. 13, 2009) (noting that "under PSLRA, the empowered lead plaintiff has the right to select and retain class counsel, subject to [the Court's] approval" (cleaned up) (alteration in original)); *Westchester Putnam Counties Heavy & Highway Laborers Local 60 Benefits Fund v. Shoals Techs Grp, Inc*., Case No. 3:24-cv-00334, ECF No. 65 (M.D. Tenn. Oct. 2, 2024) (appointing Erste AM lead plaintiff and approving Motley Rice and Robbins Geller as lead counsel).

## CONCLUSION

For the foregoing reasons, Erste AM respectfully requests that this Court grant its Motion in its entirety.

DATED: May 23, 2025

Respectfully submitted,

**THE OFFICE OF CRAIG C. REILLY, ESQ.**

*/s/ Craig C. Reilly*
CRAIG C. REILLY (VSB #20942)
209 Madison Street, Suite 501
Alexandria, VA 22314
Telephone:  (703) 549-5354
Facsimile:  (703) 549-5355
craig.reilly@ccreillylaw.com

*Liaison Counsel*

**MOTLEY RICE LLC**
GREGG S. LEVIN
CHRISTOPHER F. MORIARTY
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
Telephone:  (843) 216-9000
Facsimile:  (843) 216-9450
cmoriarty@motleyrice.com

4

glevin@motleyrice.com

**ROBBINS GELLER RUDMAN & DOWD LLP**
DANIELLE S. MYERS
MICHAEL ALBERT
KENNETH P. DOLITSKY
ROBBINS GELLER RUDMAN
 & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
malbert@rgrdlaw.com
kdolitsky@rgrdlaw.com

*Counsel for Erste Asset Management GmbH and*
*Proposed Lead Counsel for the Class*

5