IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| DANIEL ABRAMOV, individually and on behalf of all others similarly situated, | ) ) ) | |
| *Plaintiff*, | ) ) | |
| v. | ) ) | 1:25-cv-444 (PTG/IDD) <br> <u>CLASS ACTION</u> |
| FLUENCE ENERGY, INC. *et al.*, | ) ) ) | |
| *Defendants*. | ) | |

\*\*\*

| | | |
|---|---|---|
| IGOR KRAMER, individually and on behalf of all others similarly situated, | ) ) ) | |
| *Plaintiff*, | ) ) | |
| v. | ) ) | 1:25-cv-634 (PTG/IDD) <br> <u>CLASS ACTION</u> |
| FLUENCE ENERGY, INC. *et al.*, | ) ) ) | |
| *Defendants*. | ) | |

<u>**ORDER**</u>

This matter is before the Court on multiple Motions to Consolidate Cases, Appoint Lead Plaintiff, and Approve Counsel. On May 12, 2025, six class members—Jim Harrison, Maria Sawdyk, Cathy J. Snyder, Kai Chen, Trung Nguyen, and Erste Asset Management GmbH—filed motions consolidate cases, to be appointed as lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), and to approve counsel. *Abramov v. Fluence Energy, Inc. et al.*, Civil Action No. 1:25-cv-444, Dkts. 16, 19, 22, 26, 29, 30; *Kramer v. Fluence Energy, Inc. et al.*, Civil Action No. 1:25-cv-634, Dkts. 30, 33, 36. On May 13, 2025, Ms. Snyder withdrew her motion. *Abramov*, Dkt. 38. On May 15, 2025, the Court ordered the remaining movants to

1

meet and confer in an attempt to resolve the competing motions for appointment as lead plaintiff and ordered Defendant to file its opposition, if any, to the movants' motions. *Id.*, Dkt. 39. On May 20, 2025, Kai Chen filed a notice of non-opposition to competing motions for appointment as lead plaintiff. *Id.*, Dkt. 41. On May 23, 2025, Ms. Sawdyk withdrew her motion and Mr. Harrison and Mr. Nguyen filed notices of non-opposition to the competing motions. *Id.*, Dkts. 42–44; *Kramer*, Dkt. 42. Erste Asset Management GmbH ("Erste AM") filed a notice describing the meet and confer and a reply in support of its motion. *Abramov*, Dkts. 45–46; *Kramer*, Dkts. 42–43. Following the meet and confer, Erste AM's motion to consolidate cases, appoint lead plaintiff, and approve counsel is unopposed. *Abramov*, Dkt. 45.

First, the Court must address the issue of consolidation. 15 U.S.C. § 78u-4(a)(3)(B)(ii). Pursuant to Federal Rule of Civil Procedure 42(a), consolidation of actions is appropriate if the actions "involve a common question of law or fact." All movants agree, and Defendant does not oppose, that *Abramov v. Fluence Energy, Inc. et al.*, Civil Action No. 1:25-cv-444 and *Kramer v. Fluence Energy, Inc. et al.*, Civil Action No. 1:25-cv-634 should be consolidated. *Abramov*, Dkts. 16, 19, 22, 26, 29, 30; *Kramer*, Dkts. 30, 33, 36. "Where consolidation in a securities class action context is 'uncontested' and all complaints 'claim securities fraud . . . arising out of the same alleged misrepresentations,' consolidation under Rule 42 is appropriate." *Bousso v. Spire Glob., Inc.*, No. 1:24-cv-01458-MSN-WEF, 2024 WL 4873311, at *2 (E.D. Va. Nov. 21, 2024) (citation omitted). Accordingly, the Court will consolidate the two above-captioned actions.

Next, the Court must select a lead plaintiff for the consolidated action. Under the PSLRA the Court must appoint as lead plaintiff "the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). The PSLRA creates a rebuttable presumption that the

most adequate plaintiff is one who (1) filed the complaint or moved for appointment as lead plaintiff; (2) "has the largest financial interest in the relief sought by the class; and (3) "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). To determine that a potential lead plaintiff satisfies the requirements of Rule 23, the Court "need only determine (i) whether the movant's 'claims or defenses . . . are typical of the claims or defenses of the class' and (ii) whether the movant 'will fairly and adequately protect the interests of the class.'" *In re MicroStrategy Inc. Sec. Litig.*, 110 F. Supp. 2d 427, 435 (E.D. Va. 2000) (quoting Fed. R. Civ. P. 23(a)(3)–(4)).

Here, Erste AM claims to have suffered $12,936,317.00 which is the largest financial loss claimed. *Abramov*, Dkt. 46 at 2; *Kramer*, Dkt. 43 at 2. Erste AM's claims of violations of the Securities Exchange Act of 1934 are substantially the same as other class members. *Abramov*, Dkt. 31 at 8; *Kramer*, Dkt. 34 at 8. Therefore, Erste AM satisfies the typicality requirement of Federal Rule of Civil Procedure 23. Further, based on Erste AM's status as an institutional investor and prior lead plaintiff and class representative, Erste AM satisfies the adequacy requirement of Federal Rule of Civil Procedure 23. *Abramov*, Dkt. 46 at 3; *Kramer*, Dkt. 43 at 3; H.R. Conf. Rep. No. 104-369, at *34 (1995) ("[I]ncreasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions."). Because Erste AM has the largest financial interest in the litigation and satisfies the requirements of Rule 23, Erste AM is the presumptive lead plaintiff. No party has offered proof to rebut this presumption. Accordingly, the Court will appoint Erste AM as lead plaintiff.

The Court "should approve plaintiff's choice of lead counsel based solely on that counsel's competence, experience, and resources." *In re Microstrategy*, 110 F. Supp. 2d at 438. Erste AM

selected the law firms of Motley Rice and Robins Geller to serve as co-lead counsel. *Abramov*, Dkt. 31 at 11; *Kramer*, Dkt. 34 at 11. The Court finds that Erste AM's choices for co-lead counsel are "sufficiently 'competent and experienced . . . and both have the resources to serve effectively as co-lead counsel.'" *Bousso*, 2024 WL 4873311, at *6 (quoting *In re Microstrategy*, 110 F. Supp. 2d at 440); *see KBC Asset Mgmt. NV v. 3D Sys. Corp.*, 2017 WL 4297450, at *7 (D.S.C. Sept. 28, 2017) (nothing that "Motley Rice and Robbins Gellar [sic] are well suited to serve [as Class Counsel]").

Accordingly, it is hereby **ORDERED** that:

1. Erste Asset Management GmbH's motion (*Abramov*, Dkt. 30; *Kramer*, Dkt. 33) is **GRANTED**.

2. The remaining pending motions for appointment of lead plaintiff and approval of counsel (*Abramov*, Dkts. 16, 26, 29; *Kramer*, Dkts. 30, 36) are **DENIED**.

3. Pursuant to Federal Rule of Civil Procedure 42, the above-captioned related actions are hereby **CONSOLIDATED** for all purposes into one action.

4. These actions shall be referred to herein as the "Consolidated Action." This Order shall apply to the Consolidated Action and to each case that is subsequently filed in this Court that relates to the same subject matter as in the Consolidated Action.

5. A Master Docket and Master File shall be established for the Consolidated Action. The Master File shall be captioned In re Fluence Energy, Inc. Securities Litigation, Civil Action No. 1:25-cv-00444-PTG-IDD. All orders, pleadings, motions, and other documents shall, when filed and docketed in the Master File, be deemed filed and docketed in each individual case to the extent applicable. When an order, pleading, motion, or document is filed with a caption indicating that it is applicable

to fewer than all of the consolidated actions, the clerk shall file such pleadings in the Master File and note such filing in the Master Docket and in the docket of each action referenced.

6. For newly filed or transferred actions that arise out of the subject matter of this action hereinafter filed in this Court or transferred or removed to this Court from another court, the Clerk of this Court shall:

    a. file a copy of this Order in the separate file for such action;

    b. mail a copy of this Order to the attorneys for the plaintiff(s) in the newly filed, transferred, or removed case and to any new defendant(s) in the newly filed, transferred, or removed case; and

    c. make the appropriate entry in the docket for this action.

7. Each new case that arises out of the subject matter of this Consolidated Action and is filed in this Court or transferred or removed to this Court shall be consolidated with this action and this Order shall apply thereto, unless a party objecting to this Order or any provision of this Order, within ten (10) days after the date upon which a copy of this Order is served on counsel for such party, files an application for relief from this Order or any provision herein and this Court deems it appropriate to grant such application.

8. During the pendency of this litigation, or until further order of this Court, the parties shall take reasonable steps to preserve all documents within their possession, custody, or control, including computer-generated and stored information and materials such as computerized data and electronic mail, containing information

that is relevant to or which may lead to the discovery of information relevant to the subject matter of the pending litigation.

9. Erste AM is **APPOINTED** to serve as Lead Plaintiff pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995.

10. Erste AM's selection of Lead Counsel is **APPROVED**, and Motley Rice LLC and Robbins Geller Rudman & Dowd LLP are **APPOINTED** to serve as Lead Counsel and The Office of Craig C. Reilly, Esq. is **APPROVED** as Liaison Counsel for the class.

Entered this 30th day of May, 2025
Alexandria, Virginia

/s/
Patricia Tolliver Giles
United States District Judge