# Exhibit 31

**VIRGINIA:**

## IN THE CIRCUIT COURT OF ARLINGTON COUNTY

**FLUENCE ENERGY, LLC,**

       **Plaintiff/Counter-Defendant,**

**v.**                                    **Case No. CL23003527-01**

**SIEMENS ENERGY, INC.**

       **Defendant/Counter-Plaintiff.**

### MEMORANDUM OPINION AND ORDER

This matter came before the Court on a Plea in Bar and Demurrer filed by Fluence Energy, LLC/Counter-Defendant ("Fluence") to Siemens Energy, Inc's/Counter-Plaintiffs' ("SEI") Counterclaim.

### Procedural Posture

This dispute began when Fluence sued SEI, alleging failure to fully pay for products and work Fluence says were delivered and performed under a construction contract for a power plant in Antioch, California. As part of its response to Fluence's complaint, SEI counterclaimed alleging Breach of Contract, Fraud in the Inducement, violation of the "special facts doctrine" and Breach of Warranty.

Fluence filed a Plea in Bar to the fraud-based claims – Fraud in the Inducement and "special facts doctrine" – asserting Virginia's two-year statute of limitations. Fluence also demurred to the fraud claims asserting that SEI failed to sufficiently plead facts to demonstrate reasonable reliance and that the "special facts doctrine" is not a cognizable claim in Virginia.

For reasons explained herein, the Court sustains the demurrer.

## Discussion

A.    *Substantive versus Procedural Statutes of Limitations*

The parties spent considerable energy arguing the relative merits of the choice-of-law provisions in the parties' agreement; and while the language is not debated, the issue of whether the statute of limitations for fraud is procedural or substantive, is. This issue becomes central to the legal analysis and governs the Court's decision in this case.

The parties' agreement states, "All matters arising out of or in connection with this Purchase Order, including construction and interpretation thereof, shall be governed by the federal laws, rules, regulations and executive orders of the United States and the law of the State of New York without regard to conflicts of laws principles." *Exhibit A to Complaint.* SEI points to New York's statute of limitations for fraud, which is six years to bring a claim from discovery of the fraud. Fluence claims Virginia's statute of limitations for fraud applies, which is two years from discovery to file a claim.

"According to the settled rule, 'the *lex loci* will govern as to all matters going to the basis of the right of action itself, while the *lex fori* controls all that is connected merely with the remedy.' *Maryland v. Coard*, 175 Va. 571, 580-81 (1940) (quoting 5 R.C.L. 917 (1914)). In other words, in this case, we apply the substantive law of Florida, the place of the wrong, and the procedural law of Virginia." *Jones v. R.S. Jones and Associates, Inc.*, 246 Va. 3, 5 (1993).

In this instance, the parties agree that this is the state of the law in Virginia but disagree as to whether the New York statute of limitations is substantive or procedural. The *Jones* case addresses the question: whether the statute of limitations in the jurisdiction where the wrong occurred is substantive or procedural. In this case the question is whether the statute of

2

limitations in New York is substantive or procedural given the language of the parties' contract choosing New York law as governing.

The Supreme Court of Virginia in *Jones* went on to state, "*Because no right of action for wrongful death existed at common law*, statutes that created the right usually contained a 'built in' limitation prescribing the time within which the action must be brought." *Jones* at 5 (*emphasis added*). The Court went on to analyze whether the Florida statute of limitation involving wrongful death was substantive or procedure and concluded that it was substantive "although the Florida statute that originally created the state's cause of action for wrongful death had 'built in' limitation, the statutory provisions relating to the cause of action and those relating to the limitation have been separated for many years." *Id.* In finding this was so, the Court stated, "We think the limitation contained in [Florida statutory provision] is directed so specifically to the right of action *provided by the state's wrongful death act* as to warrant saying that the limitation qualifies as a right." *Id.* At 7 (*emphasis added*). In other words, when the Florida legislature created the wrongful death act and imposed specific limits on filing a claim, the statute of limitations is a substantive law and the law of Florida applied when examining whether a claim was timely filed in Virginia.

The *Jones* Court, also distinguished the circumstances in *Jones* from the situation presented in an earlier case, *Sherley v. Lotz*, 200 Va. 173 (1958), where the Court found that the statute of limitations in Tennessee, situs of the wrongful death, was a "general statute of limitations" and "lacked the specificity that *Davis v. Mills* propounds as the test for 'saying that [a limitation provision] qualified [a newly created] right.'" *Jones* at 8, *citing Davis v. Mills*, 194 U.S. 451, 454 (1904). The *Sherley* Court concluded that the Tennessee statute of limitations was

3

therefore not substantive but procedural and the Virginia "catch all" statute of limitations applied as the case was filed in Virginia.

In this dispute, SEI is alleging fraud in the inducement and special facts doctrine, and Fluence is arguing that Virginia's two-year statute of limitations applies. The pivotal point, following the logic articulated in *Davis, Jones* and *Sherley,* is whether the fraud in the inducement and/or special facts doctrine are specially created rights and have attendant statutes of limitation "built in" such that those limitations become substantive.

Fraud in the inducement is a tort and can be actual or constructive fraud and "the duty tortiously or negligently breached must be a common law duty, not one existing between the parties solely by virtue of the contract." *Spence v. Norfolk & W.R.R. Co.*, 92 Va. 102, 116 (1895), cited with authority in *Richmond Metropolitan Authority v. McDevitt Street Bovis, Inc.*, 256 Va. 553, 558 (1998). "A tort action cannot be based solely on a negligent breach of contract." *Richmond Metropolitan Authority* at 559. Fraud in the inducement is a tort derived from the common law.[1]

The special facts doctrine in New York is also a common law doctrine[2]. *See, e.g. Beneficial Commercial Corp. v. Murray Glick Datsun, Inc.*, 601 F. Supp. 770, 773 (S.D.N.Y. 1985). The doctrine imposes a duty to disclose where "one party's superior knowledge of essential facts renders a transaction without disclosure inherently unfair." *Swersky v. Dreyer & Taub*, 642 N.Y.S.2d 33, 37 (N.Y.App. – 1st Dept. 1996) (quoting *Beneficial Commercial Corp.*, 601 F. Supp. At 773). The special facts doctrine is a specific application of fraud. *Greenman-Pedersen, Inc. v. Berryman & Henigar, Inc.*, 130 A.D.3d 514, 516, 14 N.Y.S.3d 20, 21 (2015).

---

[1] There are fraud claims that are expressly created by the legislature, for example, Virginia Consumer Protection Act claims.

[2] On this the parties agree. *See Supplemental Briefing filed at the Court's request.*

4

Moreover, the statute of limitations in New York cited by SEI is a general statute of limitation for fraud cases and states, in relevant part,

> "The following actions must be commenced within six years:  8. an action based upon fraud; the time within which the action must be commenced shall be the greater of six years from the date the cause of action accrued or two years from the time the plaintiff or the person under whom the plaintiff claims discovered the fraud, or could with reasonable diligence have discovered it."

*N.Y. Civ. Prac. Law R. § 213*.

No New York statute specifically addressing either fraud in the inducement or special facts doctrine has been cited.

Applying precedent, the Court concludes that Virginia's statute of limitations for fraud applies because New York's statute of limitations is a general statute, not specific to fraud in the inducement or the special facts doctrine.  Because neither cause of action was created as a right of action but derivative of common law there is no "built in" substantive statute of limitations created, and New York's general statute of limitations for fraud applies making it merely procedural.  The instant case was filed in Virginia therefore Virginia's statute of limitations for fraud applies:  two years from discovery of the fraud or "by the exercise of due diligence reasonably should have been discovered." *Virginia Code § 8.01-249*.

B.    *Sufficiency of Counter-Claim's Allegations*

Having addressed the governing statute of limitations, SEI takes the position that, "SEI did not discover the defects in Fluences' new design until the performance test failure on May 14, 2022. Counterclaim ¶¶ 35-36." *Response to Plaintiff's Demurrer and Plea in Bar, p. 6.* Fluence disputes this mere conclusion and challenges whether the facts as alleged support either reasonable reliance on Fluence's representations or the conclusion that the testing uncovered the

alleged fraud. Now that the timeframe is narrowed, it is important to focus on SEI's specific allegations of fraud, when they occurred and when allegedly discovered.

SEI has alleged, in ¶¶ 57-65 its claim for fraud in the inducement. SEI has alleged in ¶¶ 67-72 its claims under the special facts doctrine. What is missing, however, are the particular allegations that fit within each of these claims and how they fit within the two year statute of limitations. Each of these allegations – Second and Third Cause of Action – incorporate ¶¶ 1-44 encompassing the Introduction through the General Allegations. The problem, to the Court, is that there is not enough specificity in terms of the actual misrepresentations or the specific discovery of these alleged misrepresentations to conclude one way or the other that the filing is outside the statute of limitations.

At oral argument, counsel for SEI made clear that the main driver of these claims comes from its allegations that SEI was "forced" to contract with Fluence notwithstanding the fact that Fluence was not going to be supplying SEI with its "'SieStorage' modular energy storage system as the BESS." ¶ 11 Counterclaim. And instead, "responded by submitting an updated BESS proposal on July 15, 2020. This proposal included the Gridstack BESS design, and was the first indication" that the design had changed from the SieStorage system. ¶ 19 Counterclaim.

It appears to the Court that by July 15, 2020 SEI was on notice that Fluence was materially changing its product. And, according to the Counterclaim, on or about September 15, 2020, Fluence "ultimately agreed to match the terms and conditions in SEI's EPC contract with the Station's owner." ¶ 22. Clearly, SEI has stated its concerns about delays in Fluence's performance (intermingled near these paragraphs) but also alleged design deficiencies and other contractual failings.

6

"Because of a major change made by Fluence in the design of the BESS, SEI had to change the electrical connections between the BESS and the Station from the anticipated above-ground connection to below-grade connections, which required extensive unanticipated engineering and construction work." ¶ 32. This assertion alone causes the reader to believe that SEI knew by July 15, 2020 that Fluence's proposal to use the Gridstock BESS would require underground construction, contrary to the assertions contained in ¶¶ 58, 67 and 68 suggesting that this undergrounding was newly discovered and not known until testing.

In addition, the only allegations in the Counterclaim are that during the May 14, 2022 performance testing, "the BESS failed to deliver sufficient energy and power to restart the Station;" And "SEI discovered multiple defects, including a design error involving the inverter's ability to handle in-rush current from the SFC transformer." ¶¶ 35-36. It is not clear that anything related to the allegedly fraudulent misrepresentations was discovered during this testing period. Indeed, based upon the language of the allegations *in toto*, it appears that the failures that were discovered during testing relate to design failures, omissions and inadequacies, all of which amount to potential breaches of contract, not fraud.

The gist of the fraud complaint counts is that even though SEI knew that Fluence had changed out its BESS it felt compelled to continue with Fluence and delays in bringing this material change to SEI's attention before July 15, 2020 caused SEI to make this choice. However, if this is the fraudulent conduct: the foot dragging and intentional delay in disclosing its design change to cause SEI to stick with Fluence, it *appears* to be too late. A two-year statute of limitations runs from its occurrence or discovery. Either way it appears to run from July 15, 2020 – that is, when Fluence provided the BESS design changes to SEI. The Counterclaim was filed on November 28, 2023.

Moreover, on the question of whether the Counterclaim sufficiently demonstrates reasonable reliance on Fluence's representations, the Court agrees with Fluence that the allegations leave many unanswered questions and seem to conflict with its own conclusions, as has been pointed out. The counterclaim blurs the lines between alleged contractual breaches and misrepresentations reasonable relied upon that may constitute fraud. This elision is the exact circumstance that the Supreme Court of Virginia cautions against when considering fraud claims in conjunction with breach of contract claims.[3] The failure to perform a contract does not in and of itself constitute evidence of fraud – fraud is a stand-alone tort requiring a separate common law duty outside of the contractual duties. This lack of clarity and specificity does permit the Court to evaluate how SEI reasonably relied upon Fluence's representations and fails to put Fluence on notice of its claims in this regard.

The demurrer is well taken on these issues and will be sustained. If SEI is of the opinion that it can file an amended Counterclaim on the fraud allegations to fit within the two-year statute of limitations and sufficiently express its reasonable reliance on the alleged misrepresentations, it is permitted to do so within 21 days of entry of this order. If SEI does file an amended counterclaim, Fluence will have 21 days therefrom to file any responsive pleadings.

*Entered: March 20, 2024.*

**Louise M. DiMatteo**
**Judge**

---

[3] The Court fully realizes that the special facts doctrine arises from business transactions and negotiations leading to contracts, but the tort recognizes a duty to disclose certain information because of "superior knowledge" and is separate and apart from a discrete contractual duty following. *Beneficial Commercial Corp. v. Murray Glick Datsun, Inc.,* 601 F.Supp. 770 (S.D.N.Y. 1985); *Banque Arabe et Internationale D'Investissement v. Maryland Nat'l Bank,* 57 F.3d. 146 (2d Cir. 1995).

8