**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| In re Fluence Energy, Inc. Securities Litigation | Case No. 1:25-cv-00444-PTG-IDD |

**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S CONSOLIDATED COMPLAINT FOR VIOLATIONS <u>OF THE FEDERAL SECURITIES LAWS</u>**

In connection with their concurrently filed Motion to Dismiss the Consolidated Class Action Complaint For Violations Of The Federal Securities Laws ("Motion"), Defendants Fluence Energy, Inc., Manuel Pérez Dubuc, Dennis Fehr, Julian Nebreda, Manavendra Sial, Ahmed Pasha, and Rebecca Boll (collectively, "Defendants") respectfully request that the Court consider the following exhibits when deciding Defendants' Motion. Each exhibit is incorporated by reference into the Consolidated Complaint for Violations of the Federal Securities Laws Complaint ("Complaint") or is properly subject to judicial notice. Each exhibit is attached to the concurrently filed Declaration of Matthew J. Peters in Support of Defendants' Motion to Dismiss:

- **Exhibit 1**: is a true and correct copy of Fluence Energy, Inc.'s ("Fluence") form S-1/A Registration Statement, which was filed with the United States Securities and Exchange Commission ("SEC") on October 19, 2021 and is publicly available on the SEC website at www.sec.gov/edgar.

- **Exhibit 2**: a true and correct copy of Fluence's Form 424(b)(4) Prospectus, which was filed with the SEC on October 29, 2021 and is publicly available on the SEC website at www.sec.gov/edgar.

- **Exhibit 3**: a true and correct copy of the transcript of Fluence's December 9, 2021 earnings call discussing financial results for the fourth quarter of 2021 ("Q4 2021 Earnings Call"), which is available at www.spglobal.com.

- **Exhibit 4**: a true and correct copy of Fluence's Form 10-K for the period ended September 30, 2021 ("FY 2021"), which was filed with the SEC on December 14, 2021 and is publicly available on the SEC website at www.sec.gov/edgar.

- **Exhibit 5:** a true and correct copy of Fluence's Form 8-K, attaching its First Quarter 2022 earnings release ("Q1 2022 Earnings Release"), which was filed with the SEC on February 10, 2022 and is publicly available on the SEC website at www.sec.gov/edgar.

- **Exhibit 6**: a true and correct copy of Fluence's 1Q FY 2022 Earnings Presentation, dated February 10, 2022, which is publicly available at https://ir.fluenceenergy.com/news-events.

- **Exhibit 7**: a true and correct copy of the transcript of Fluence's February 10, 2022 earnings call discussing financial results for the first quarter of 2022 ("Q1 2022 Earnings Call"), which is available at www.spglobal.com.

- **Exhibit 8**: a true and correct copy of Fluence's 2Q FY 2022 Earnings Presentation, dated May 12, 2022, which is publicly available at https://ir.fluenceenergy.com/news-events.

- **Exhibit 9**: a true and correct copy of the transcript of Fluence's May 12, 2022 earnings call discussing financial results for the second quarter of 2022 ("Q2 2022 Earnings Call"), which is available at www.spglobal.com.

- **Exhibit 10**: a true and correct copy of the transcript of Fluence's August 16, 2022 earnings call discussing financial results for the third quarter of 2022 ("Q3 2022 Earnings Call"), which is available at www.spglobal.com.

- **Exhibit 11**: a true and correct copy of Fluence's November 15, 2022 press release entitled, "Fluence Expands Network of Global Product Testing Facilities with Systems Test Lab in Pennsylvania," which is publicly available at https://ir.fluenceenergy.com/news-events.

- **Exhibit 12**: a true and correct copy of the transcript of Fluence's December 13, 2022 earnings call discussing financial results for the fourth quarter of 2022 ("Q4 2022 Earnings Call"), which is available at www.spglobal.com.

- **Exhibit 13**: a true and correct copy of Fluence's Form 10-K for the period ended September 30, 2022 ("FY 2022"), which was filed with the SEC on December 14, 2022 and is publicly available on the SEC website at www.sec.gov/edgar.

- **Exhibit 14:** a true and correct copy of Fluence's 1Q FY 2023 Earnings Presentation, dated February 9, 2023, which is publicly available at https://ir.fluenceenergy.com/news-events.

- **Exhibit 15:** a true and correct copy of the transcript of Fluence's February 9, 2023 earnings call discussing financial results for the first quarter of 2023 ("Q1 2023 Earnings Call"), which is available at www.spglobal.com.

- **Exhibit 16**: a true and correct copy of Fluence's Form 8-K, attaching its Second Quarter 2023 earnings release ("Q2 2023 Earnings Release"), which was filed with the SEC on May 10, 2023 and is publicly available on the SEC website at www.sec.gov/edgar.

- **Exhibit 17:** a true and correct copy of the transcript of Fluence's May 11, 2023 earnings call discussing financial results for the second quarter of 2023 ("Q2 2023 Earnings Call"), which is available at www.spglobal.com.

- **Exhibit 18**: a true and correct copy of the transcript of Fluence's August 10, 2023 earnings call discussing financial results for the third quarter of 2023 ("Q3 2023 Earnings Call"), which is available at www.spglobal.com.

- **Exhibit 19**: a true and correct copy of the transcript of Fluence's November 29, 2023 earnings call discussing financial results for the fourth quarter of 2023 ("Q4 2023 Earnings Call"), which is available at www.spglobal.com.

- **Exhibit 20**: a true and correct copy of Fluence's Form 10-K for the period ended September 30, 2023 ("FY 2023"), which was filed with the SEC on November 29, 2023 and is publicly available on the SEC website at www.sec.gov/edgar.

- **Exhibit 21**: a true and correct copy of Diablo Energy Storage, LLC's Cross-Complaint for Breach of Contract and Disgorgement, *Fluence Energy, LLC v. Diablo Energy Storage, LLC*, No. C21-02528 (Sup. Ct. California, Contra Costa Cnty. Nov. 10, 2023).

- **Exhibit 22**: a true and correct copy of an article by Cameron Murray, entitled "Fluence customer seeking refund for Diablo BESS EPC contract, citing 'defects and chronic failures,'" published in *Energy Storage News*, Dec. 20, 2023, available at https://www.energy-storage.news/fluence-customer-seeking-refund-for-diablo-bess-epc-contract-citing-defects-and-chronic-failures/.

- **Exhibit 23**: a true and correct copy of Siemens Energy, Inc.'s Answer and Counterclaim, *Fluence Energy, LLC v. Siemens Energy, Inc.*, No. CL23-3527 (Cir. Ct. Va., Nov. 28, 2023).

- **Exhibit 24:** a true and correct copy of Fluence's quarterly report on Form 10-Q for the period ended December 31, 2023 ("Q1 2024 Form 10-Q"), which was filed with the SEC on February 8, 2024, and is publicly available on the SEC website at www.sec.gov/edgar.

- **Exhibit 25**: a true and correct copy of the Blue Orca Capital Short Report, dated February 22, 2024, which is publicly available at www.blueorcacapital.com.

- **Exhibit 26**: a true and correct copy of Fluence's February 22, 2024 press release entitled, "Fluence Responds to Misleading Short Seller Report," which is publicly available at https://ir.fluenceenergy.com/news-events.

- **Exhibit 27**: a true and correct copy of Fluence's Form 10-K for the period ended September 30, 2024 ("FY 2024"), which was filed with the SEC on November 29, 2024 and is publicly available on the SEC website at www.sec.gov/edgar.

- **Exhibit 28**: a true and correct copy of Fluence's Form 8-K, attaching its First Quarter 2025 earnings release ("Q1 2025 Earnings Release"), which was filed with the SEC on February 10, 2025 and is publicly available on the SEC website at www.sec.gov/edgar.

- **Exhibit 29**: a true and correct copy of Fluence's quarterly report on Form 10-Q for the period ended December 31, 2024 ("Q1 2025 Form 10-Q"), which was filed with the SEC on February 10, 2025, and is publicly available on the SEC website at www.sec.gov/edgar.

- **Exhibit 30**: a true and correct copy of the transcript of Fluence's February 11, 2025 earnings call discussing financial results for the first quarter of 2025 ("Q1 2025 Earnings Call"), which is available at www.spglobal.com.

- **Exhibit 31**: a true and correct copy of Memorandum Opinion and Order, *Fluence Energy, LLC v. Siemens Energy, Inc.*, No. CL23-3527 (Cir. Ct. Va., Nov. 28, 2023).

3

- **Exhibit 32:** a true and correct copy of Fluence's December 20, 2023 press release entitled, "Fluence Stands by its Work on the Diablo Plant, and Will Vigorously Pursue the Payments it is Owed for its Work and Dispute the Allegations in the Counterclaim Filed by the Operator of the Plant," which is publicly available at https://ir.fluenceenergy.com/news-events.

- **Exhibit 33:** a true and correct copy of Fluence's Form 8-K, attaching its Fourth Quarter 2023 earnings release ("Q4 2023 Earnings Release"), which was filed with the SEC on November 28, 2023 and is publicly available on the SEC website at www.sec.gov/edgar.

- **Exhibit 34:** a true and correct copy of the transcript of Fluence's February 8, 2024 earnings call discussing financial results for the first quarter of 2024 ("Q1 2024 Earnings Call"), which is available at www.spglobal.com.

- **Exhibit 35:** a true and correct copy of the transcript of Fluence's May 9, 2024 earnings call discussing financial results for the second quarter of 2024 ("Q2 2024 Earnings Call"), which is available at www.spglobal.com.

- **Exhibit 36:** a true and correct copy of the transcript of Fluence's August 8, 2024 earnings call discussing financial results for the third quarter of 2024 ("Q3 2024 Earnings Call"), which is available at www.spglobal.com.

This Court may appropriately consider these documents in connection with the Motion.

*First*, the Complaint relies on the vast majority these documents (i.e., *all* except Exhibit 31)—which include publicly filed court documents and Fluence's filings with the SEC, press releases, and earnings call transcripts, among other sources—to such a degree that they are incorporated by reference into the Complaint and may be considered in connection with the Motion. *Second*, all of these documents are also properly subject to judicial notice under Federal Rule of Evidence 201(b), because each is a matter of public record and/or otherwise available in the public domain, and each can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned.

## LEGAL STANDARD

In deciding a motion to dismiss, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions" such as "documents incorporated into the complaint by reference, and matters of which a court may take

judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 332 (2007); *see In re Marriott Int'l, Inc., Customer Data Sec. Breach Litig.*, 543 F. Supp. 3d 96, 123 n.4 (D. Md. 2021) (similar). The Court is likewise entitled to have the full context surrounding Plaintiff's allegations at its disposal. *Tellabs*, 551 U.S. at 322. "[S]uch reliance does not convert such a motion into one for summary judgment." *In re USEC Sec. Litig.*, 190 F. Supp. 2d 808, 813 (D. Md. 2002), *aff'd and remanded sub nom. Cohen v. USEC, Inc.*, 70 F. App'x 679 (4th Cir. 2003).

The doctrine of incorporation by reference enables the Court to consider "documents attached to the complaint," as well as documents attached "to the motion to dismiss, so long as they are integral to the complaint and authentic." *Sec'y of State For Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007); *see also Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016) (explaining that a document is incorporated into a complaint by reference if it is "integral to the complaint and there is no dispute about the document's authenticity"); *Plymouth Cty. Ret. Ass'n v. Primo Water Corp.*, 966 F. Supp. 2d 525, 536 (M.D.N.C. 2013) (same). The entirety of a document deemed incorporated by reference is assumed to be true for purposes of a motion to dismiss, and both parties—and the Court—are free to refer to any of its contents. *See Cozzarelli v. Inspire Pharms. Inc.*, 549 F.3d 618, 625 (4th Cir. 2008) (holding that the court "must examine the facts as a whole, including facts found in 'documents incorporated into the complaint by reference'") (quoting *Tellabs,* 551 U.S. at 322)); *In re PEC Sols., Inc. Sec. Litig.*, 418 F.3d 379, 388 n.7 (4th Cir. 2005) (explaining that the court is "not strictly limited to the four corners of the complaint when examining this complaint").

The reason for this rule is well-settled: it "seeks to prevent [] the situation in which a plaintiff is able to maintain a claim of fraud by extracting an isolated statement from a document and placing it in the complaint, even though if the statement were examined in the full context of

the document, it would be clear that the statement was not fraudulent." *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004) (citation omitted); *see Gray v. Wesco Aircraft Holdings, Inc.,* 454 F. Supp. 3d 366, 382 (S.D.N.Y. 2020) ("Were courts to refrain from considering such documents, complaints that quoted only selected and misleading portions of such documents could not be dismissed even though they would be doomed to failure.") (quoting *Kramer v. Time Warner, Inc.,* 937 F.2d 767, 774 (2d Cir. 1991)).

Independently, the Court may take judicial notice of matters that are "not subject to reasonable dispute" because they are either "(1) generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Public records, including SEC filings and press releases, are properly the subject of judicial notice, and routinely considered in deciding a motion to dismiss in a securities case. *See, e.g.*, *In re PEC Solutions, Inc. Sec. Litig.*, 418 F.3d 379, 388 n.7 (4th Cir. 2005) (holding that courts may take judicial notice of documents publicly filed with the SEC and documents relied upon in the complaint); *In re Acterna Corp. Sec. Litig.*, 378 F. Supp. 2d 561, 571 (D. Md. 2005) (noting "SEC filings, press releases, stock price tables, and other material on which plaintiff's allegations necessarily rely" are proper subjects of judicial notice). Likewise, transcripts of earnings calls are judicially noticeable to show what information was known to the market at a given time. *See Lefkoe v. Jos. A. Bank Clothiers*, 2008 WL 7275126, at *4, 8 (D. Md. May 13, 2008) (taking judicial notice of earnings call transcripts); *Sneed v. AcelRx Pharms., Inc.*, 2022 WL 4544721, at *3 (N.D. Cal. Sept. 28, 2022) (same).

## ARGUMENT

**A.      Plaintiff's Extensive Reliance on Exhibits 1-30, and 32-36 Justifies Incorporation By Reference**

Exhibits 1-30, and 32-36—securities filings, earnings call transcripts, press releases, a publicly filed short-seller report, and publicly filed documents in state court litigation—are all incorporated by reference into the Complaint and may be considered in deciding Defendants' Motion.

As discussed above, under the incorporation-by-reference doctrine, courts can consider "documents attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *Supra* at 4; *see, e.g.*, *Trimble Navigation Ltd.*, 484 F.3d 700 at 705. Exhibits 1 through 30 and 32-36 readily meet that definition; those documents are explicitly referenced and quoted throughout the Complaint, and statements from them are central to Plaintiff's securities-fraud claims. *E.g.*, ¶¶ 1, 2, 8, 10, 12, 56, 70, 71, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 85, 87, 89, 90, 92, 94, 95, 96, 97, 99, 102, 103, 104, 110, 109, 112, 113, 115, 117, 120, 124, 128, 134, 135, 145, 148, 152, 157, 172, 176, 177, 179, 180, 181, 187 and 188. Plaintiff's securities-fraud claims are premised on the theory that certain statements from Exhibits 1, 4, 6, 7, 8, 9, 10, 12, 14, 15, 16, 17, 18, 19, 20, 24, 26, 32, 33, 34, 35, 36 were false or misleading. *E.g.*, ¶¶ 73, 74, 75, 76, 77, 79, 81, 82, 83, 85, 87, 88, 89, 90, 92, 94, 95, 96, 97, 99, 100, 102, 103, 104, 106, 107, 109, 110, 112,, 113, 117, 122, 125, 126, 128, and 129. Defendants provide the full text of each of these documents so the Court may consider Plaintiff's allegations in context. *See, e.g.*, *Am. Chiropractic Ass'n*, 367 F.3d at 234 (incorporation-by-reference doctrine seeks to prevent a plaintiff from "maintain[ing] a claim of fraud by extracting an isolated statement from a document and placing it in the complaint" (citation omitted)); *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998) (plaintiff cannot survive motion to dismiss by "omitting references to documents upon which their claims are based").

Finally, there is no reason to question the authenticity of any of these documents. Exhibits 1, 2, 3, 4, 5, 13, 16, 20, 24, 27, 28, 29 and 33 were filed with the SEC and are publicly

available on the SEC's website. And Exhibits 6, 7, 8, 9, 10, 11, 12, 14, 15, 17, 18, 19, 21, 22, 23, 25, 26, 30, 32, 34, 35, and 36 are all available online as well (as is clear from Plaintiff's repeated citation to and quotation of them, *see* ¶¶ 1, 2, 8, 10, 12, 56, 70, 71, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 85, 87, 89, 90, 92, 94, 95, 96, 97, 99, 102, 103, 104, 109, 110, 112, 113, 115, 117, 120, 124, 128, 134, 135, 145, 148, 152, 157, 172, 176, 177, 179, 180, 181, 187, 188). All of these exhibits thus are incorporated by reference in the AC, and the Court may consider them when evaluating Defendants' motion. *E.g.*, *In re Acterna Corp. Sec. Litig.*, 378 F. Supp. 2d at 571.

Accordingly, Defendants respectfully request that the Court consider the Exhibits 1-30 and Exhibits 32-36, each of which is incorporated by reference in the Complaint.

### B.    The Exhibits Are Properly Subject to Judicial Notice

Independently, facts contained within Exhibits 1-36 are properly subject to judicial notice because these documents are "not subject to reasonable dispute" and "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

The Court may take judicial notice of Exhibits 1, 2, 4, 5, 13, 16, 20,  24, 27, 28, and 29 and 33 because they are true and correct copies of Fluence's Registration Statement, Prospectus, and Forms 10-Q, 8-K, and 10-K, which were all filed with the SEC. Defendants seek judicial notice of these exhibits not for the truth of the matter asserted, but for the fact that Defendants made certain disclosures to the market on specific dates. *See In re Mun. Mortg. & Equity, LLC, Sec. & Deriv. Litig.*, 876 F. Supp. 2d 616, 626 n. 7 (D. Md. 2012), *aff'd sub nom. Yates v. Mun. Mortg. & Equity, LLC*, 744 F.3d 874 (4th Cir. 2014) ("Judicial notice is appropriate of the content of S.E.C. filings, to the extent that this establishes that the statements therein were made"). Courts routinely take judicial notice of a company's SEC filings in securities-fraud cases to analyze the full context of alleged misstatements. *See, e.g.*, *Tchatchou v. India Globalization Cap. Inc.*, 2021 WL 307415, at *5 (D. Md. Jan. 29, 2021) (taking judicial notice of Form 10-Q and noting that plaintiffs'

"allegations of false statements must be analyzed in context"); *Scott & Stringfellow, LLC v. AIG Com. Equip. Fin., Inc.*, 2011 WL 1348324, at \*6 n.3 (E.D. Va. Apr. 8, 2011) ("A court may take judicial notice of SEC filings when ruling on a motion to dismiss."); *In re PEC Sols., Inc. Sec. Litig.*, 418 F.3d 379 at 390 n.10 (same); *In re Acterna Corp. Sec. Litig.*, 378 F. Supp. 2d at 571 ("In securities fraud actions, courts will also examine the other information that was publicly available to reasonable investors at the time the defendant made statements plaintiffs alleged were fraudulent, including … press releases … on which plaintiff's allegations necessarily rely"); *In re Mun. Mortg. & Equity, LLC, Sec. & Deriv. Litig.*, 876 F. Supp. 2d at 626 n.7 (same).

Likewise, the court can take judicial notice of Exhibits 3, 6, 7, 8, 9, 10, 12, 14, 15, 17, 18, 19, 28, 30 and 34-36 which are transcripts and presentations of calls Defendants held with investors discussing Fluence's financial results. Courts routinely take judicial notice of earnings call transcripts, particularly when the plaintiff alleges the calls contain alleged misstatements. *See* Exhibits 1, 4, 7-8, 13, 16; *see, e.g.*, *In re Mun. Mortg. & Equity, LLC, Sec. & Deriv. Litig.*, 876 F. Supp. 2d at 626 n.7; *see also Lefkoe*, 2008 WL 7275126, at \*4 (taking judicial notice of publicly available earnings conference call transcripts); *In re Facebook, Inc. Sec. Litig.,* 405 F. Supp. 3d 809, 827-28 (N.D. Cal. 2019) (finding judicial notice appropriate for publicly available transcripts of conference calls).

The court can also take judicial notice of Exhibits 11, 22, 25, 26, and 32 because these documents are publicly available news articles and the Short Report. What those articles said and when they said it is "readily determin[able] from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2); *see Heliotrope Gen. Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n.18 (9th Cir. 1999) (taking judicial notice "that the market was aware of the information

contained in news articles submitted by the defendants"); *Crews*, 2023 WL 3050081, at *7 ("Federal courts regularly take judicial notice of . . . news articles . . . in securities complaints.").

Finally, the court can take judicial notice of Exhibits 21, 23, and 31 because they are official court records which are a matter of public record and properly subject to judicial notice. *See, e.g.*, *Colonial Penn Ins. Co. v. Coil,* 887 F.2d 1236, 1239 (4th Cir. 1989) (federal courts may take notice of proceedings in other courts); *Butler v. Wells Fargo Bank, N.A.*, 2013 WL 145886, at *1 (D. Md. Jan. 11, 2013) ("Court filings are public records of which a federal court may take judicial notice."); *Day v. DB Capital Grp., LLC*, 2011 WL 887554, at *12 (D. Md. Mar. 11, 2011) ("[T]he court may properly take judicial notice of matters of public record, such as public court filings."); *Gunter v. Agents for Int'l Monetary Fund Internal Revenue Serv.*, 2017 WL 219374, at *2 (D. Md. Jan. 19, 2017) ("Defendants cite state court documents, of which I may take judicial notice[.]").

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court consider Exhibits 1 through 36 in assessing Defendants' Motion to Dismiss.

Dated: July 11, 2025

Respectfully submitted,

/s/ *Laura E. Bladow*
Laura E. Bladow VA Bar 93395
Sarah Tomkowiak (*pro hac vice*)
Matthew J. Peters (*pro hac vice*)
Henry Zaytoun (*pro hac vice*)
Latham & Watkins LLP
555 Eleventh Street, NW Suite 1000
Washington, DC 20004
Tel: (202)-637-2200
Fax: (202)-637-2201
laura.bladow@lw.com
matthew.peters@lw.com
henry.zaytoun@lw.com

Colleen C. Smith (*pro hac vice*)
Latham & Watkins LLP
12670 High Bluff Drive
San Diego, CA 92130
Tel.: (858) 523-5400
Fax: (858) 523-5450
colleen.smith@lw.com

*Attorneys for Defendants Fluence Energy, Inc.,*
*Manuel Pérez Dubuc, Dennis Fehr, Julian Nebreda,*
*Manavendra Sial, Ahmed Pasha, and Rebecca Boll*

11