UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | | |
|---|---|---|
| In re FLUENCE ENERGY, INC. SECURITIES LITIGATION | ) ) ) ) | Civil Action No. 1:25-cv-00444-PTG-IDD <br><br> <u>CLASS ACTION</u> |
| This Document Relates To: <br><br> ALL ACTIONS. | ) ) ) ) ) | |

**PLAINTIFF'S OPPOSITION
TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE
AND INCORPORATION BY REFERENCE IN
<u>SUPPORT OF MOTION TO DISMISS</u>**

**TABLE OF CONTENTS**

I.     INTRODUCTION ......................................................................................................... 1

II.    LEGAL STANDARD.................................................................................................... 2

III.   ARGUMENT ................................................................................................................ 4

     A.    The Court May Consider Documents Integral to and Explicitly Referenced in the Complaint....................................................................................................................4

     B.    Exhibits That Are Not Extensively Relied Upon and Do Not Form the Basis of the Complaint Should Not Be Considered....................................................................4

     C.    The Court Should Not Take Judicial Notice of Documents on Which the Complaint Does Not Rely ........................................................................................6

     D.    Appendix B .............................................................................................................9

IV.    CONCLUSION............................................................................................................. 9

## TABLE OF AUTHORITIES

**CASES**

*Butler v. Wells Fargo Bank, N.A.*,
2013 WL 145886 (D. Md. Jan. 11, 2013) ........................................................................ 9

*Colonial Penn Insurance Co. v. Coil*,
887 F.2d 1236 (4th Cir. 1989) ......................................................................................... 9

*Day v. DB Capital Group, LLC*,
2011 WL 887554 (D. Md. Mar. 11, 2011) ....................................................................... 9

*Diaz v. Century Pacific Investment Corp.*,
1991 WL 331372 (C.D. Cal. Dec. 16, 1991) ................................................................... 5

*Epstein v. World Acceptance Corp.*,
2015 WL 2365701 (D.S.C. May 18, 2015) ..................................................................... 7

*Goldfarb v. Mayor & City Council of Baltimore*,
791 F.3d 500 (4th Cir. 2015) ........................................................................................... 4

*Gunter v. Agents for International Monetary Fund Internal Revenue Service*,
2017 WL 219374 (D. Md. Jan 19, 2017) ......................................................................... 9

*In re Massey Energy Co. Securities Litigation*,
883 F. Supp. 2d 597 (S.D.W. Va. 2012) ......................................................................... 7

*In re Under Armour Securities Litigation*,
342 F. Supp. 3d 658 (D. Md. 2018) ................................................................................ 3

*In re Under Armour Securities Litigation*,
409 F. Supp. 3d 446 (D. Md. 2019) ................................................................................ 7

*Johnson v. Levy*,
812 F. Supp. 2d 167 (E.D.N.Y. 2011) ............................................................................. 7

*Khoja v. Orexigen Therapeutics, Inc.*,
899 F.3d 988 (9th Cir. 2018) ................................................................................... passim

*Knurr v. Orbital ATK Inc.*,
276 F. Supp. 3d 527 (E.D. Va. 2017) .............................................................................. 7

*Kumar v. Republic of Sudan*,
2019 WL 13251350 (E.D. Va. July 31, 2019) ................................................................. 5

*Leacock v. IonQ, Inc.*,
2023 WL 6308045 (D. Md. Sept. 28, 2023) ................................................................... 3

*McIntyre v. Pedder*,
2015 WL 5039431 (W.D.N.C. Aug. 26, 2015) ............................................................ 1, 8

*Plymouth County Retirement System v. Evolent Health, Inc.*,
2021 WL 1439680 (E.D. Va. Mar. 24, 2021) ........................................................ 2, 4, 6, 9

*Smith v. Pinion*,
2013 WL 3895035 (M.D.N.C. July 29, 2013) ................................................................. 9

*Tchatchou v. India Globalization Capital Inc.*,
  2021 WL 307415 (D. Md. Jan. 29, 2021) ................................................................. 3

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
  551 U.S. 308 (2007) ................................................................................................. 2

*United States v. Multistar Industries, Inc.*,
  2022 WL 264461 (E.D. Wash. Jan. 27, 2022) .......................................................... 8

*United States v. Ritchie*,
  342 F.3d 903 (9th Cir. 2003) .................................................................................... 5

*Zak v. Chelsea Therapeutics, International, Ltd.*,
  780 F.3d 597 (4th Cir. 2015) ........................................................................... 2, 3, 4, 7

## RULES

Fed R. Evid. 201(b) ...................................................................................................... 3

Fed. R. Civ. P. 12(b) .................................................................................................... 4

Fed. R. Civ. P. 12(d) .................................................................................................... 4

Fed. R. Civ. P. 56 ......................................................................................................... 4

## I.    INTRODUCTION

Plaintiff[1] respectfully submits this brief in opposition to Defendants' Request for Judicial Notice and Incorporation by Reference in Support of their Motion to Dismiss Plaintiff's Complaint (ECF No. 70) (the "RJN"). Defendants attached 36 exhibits to the Declaration of Matthew J. Peters filed in support of their Motion to Dismiss (ECF No. 69) (the "Motion"). The Court should decline to consider Exhibits 3, 13, 24, 27, 29, and 31 because they are not incorporated by reference or otherwise proper for judicial notice.

Defendants' request for judicial notice of the challenged exhibits is a paradigmatic example of what the Ninth Circuit has warned is "a concerning pattern in securities cases" of defendants "exploiting [judicial notice] procedures improperly to defeat what would otherwise constitute adequately stated claims at the pleading stage." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). This improper practice leads to "harmful results" because it "risks premature dismissals of plausible claims that may turn out to be valid after discovery." *Id.* The "risk is especially significant in SEC fraud matters, where there is already a heightened pleading standard, and the defendants possess materials to which the plaintiffs do not yet have access." *Id.*

Six of Defendants' exhibits are not "integral to" or "explicitly relied on" in the Complaint[2] and thus fall far outside the "narrow" circumstances under which a court may take judicial notice of such materials. *McIntyre v. Pedder*, 2015 WL 5039431, at *7 (W.D.N.C. Aug. 26, 2015) (denying request for judicial notice). Moreover, many of Defendants' documents are transparently

---

[1]    Capitalized terms have the same meaning as in the Consolidated Complaint for Violation of the Federal Securities Laws (ECF No. 58) (the "Complaint"), citations to ¶ __ refer to paragraphs in the Complaint, and citations to "Exhibit __" or "Ex. __" refer to the exhibits attached to the Declaration of Matthew J. Peters (ECF No. 69-3) submitted in support of the Motion to Dismiss.

[2]    Exhibits 3, 13, 24, 27, and 29 are not integral to, and Exhibit 31 is not cited in, the Complaint.

self-serving as they are improperly offered for the truth of the matter asserted therein in order to contradict Plaintiffs' well-pleaded allegations and/or irrelevant to the Court's analysis of Defendants' Motion.  *See Plymouth Cnty. Ret. Sys. v. Evolent Health, Inc.*, 2021 WL 1439680, at *16-20 (E.D. Va. Mar. 24, 2021) (finding only four of the exhibits attached to defendants' motion to dismiss "integral to and expressly relied on by Plaintiffs"; declining to take judicial notice of twenty-two exhibits entirely; and conditionally taking judicial notice of remaining twenty exhibits (consisting of the company's relevant SEC filings) under the narrow exception).  As such, the Court should not consider these documents.

## II.    LEGAL STANDARD

When considering a Rule 12(b)(6) motion, courts must "focus their inquiry on the sufficiency of the facts relied upon by the plaintiffs in the complaint," *Zak v. Chelsea Therapeutics, Int'l, Ltd.*, 780 F.3d 597, 606 (4th Cir. 2015), and "accept all factual allegations in the complaint as true," *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007).  Accordingly, "courts are limited to considering the sufficiency of allegations set forth in the complaint and the 'documents attached or incorporated into the complaint.'"  *Zak*, 780 F.3d at 606 (citations omitted). A court may consider a document attached to a motion to dismiss "only when the document is 'integral to and explicitly relied on in the complaint,' and when 'the plaintiffs do not challenge [the document's] authenticity.'"  *Id.* at 606-07 (alteration in original) (citations omitted).  This is because a court's consideration of extrinsic documents at the pleading stage "improperly converts the motion to dismiss into a motion for summary judgment," which "is not appropriate when the parties have not had an opportunity to conduct reasonable discovery."  *Id.* at 606.

There is a narrow exception to this rule under Federal Rule of Evidence 201 ("Rule 201"), which states that a judicially noticed fact must be one "not subject to reasonable dispute because it:  (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately

2

and readily determined from sources whose accuracy cannot reasonably be questioned." Fed R. Evid. 201(b). Should the court consider such relevant facts from the public record, "the court must construe such facts in the light most favorable to the plaintiffs." *Zak*, 780 F.3d at 607.

Courts in this Circuit have explicitly recognized *Khoja*, "in which the Ninth Circuit clarified the proper use of judicial notice and incorporation-by-reference in securities litigation." *In re Under Armour Sec. Litig.*, 342 F. Supp. 3d 658, 667 n.3 (D. Md. 2018); *see also Tchatchou v. India Globalization Cap. Inc.*, 2021 WL 307415, at *5 (D. Md. Jan. 29, 2021) ("The content of a noticed document may not be used to contradict well-pleaded allegations in the complaint." (citing *Khoja*, 899 F.3d at 1014)). In *Khoja*, the Ninth Circuit recognized that "the mere mention of the ***existence*** of a document is insufficient to incorporate the contents of a document" and "it is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint." *Khoja*, 899 F.3d at 1002, 1003 (emphasis added) (citations omitted). Similarly, "[s]ubmitting documents not mentioned in the complaint to create a defense is nothing more than another way of disputing the factual allegations in the complaint, but . . . the plaintiff receives no opportunity to respond." *Id.* at 1003. As the court explained, "[w]ithout that opportunity . . . , the defendant's newly-expanded version of the complaint— accepted as true at the pleading stage—can easily topple otherwise cognizable claims." *Id.* Accordingly, when the contents of documents subject to judicial notice are disputed, a court may consider the *fact* of their publication, but not the *truth* of their contents. *Id.* at 999 ("[A] court cannot take judicial notice of disputed facts contained in . . . public records."); *see also Leacock v. IonQ, Inc.*, 2023 WL 6308045, at *9 (D. Md. Sept. 28, 2023) (holding courts, when taking judicial notice of publicly available documents, "will not consider the substance of the information in the documents to refute the plaintiffs' allegations" but instead "will consider them as indications of

3

what was disclosed to the market and when"). Further, judicial notice must not "be used as an expedient for courts to consider 'matters beyond the pleadings' and thereby upset the procedural rights of litigants to present evidence on disputed matters." *Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 511 (4th Cir. 2015) (citation omitted).

Aside from the "narrow exception" under Rule 201, if a court considers documents or facts outside the four corners of the complaint, it must convert the motion into one for summary judgment. *See e.g.*, *Zak*, 780 F.3d at 606-07. However, this conversion is not appropriate unless the parties have had an opportunity to conduct reasonable discovery. *Id.* at 606 (citing Fed. R. Civ. P. 12(b), 12(d), and 56).

## III.    ARGUMENT

### A.    The Court May Consider Documents Integral to and Explicitly Referenced in the Complaint

Plaintiff does not object to the Court incorporating by reference and taking judicial notice of Exhibits 1, 2, 4-12, 14-23, 25-26, 28, 30, and 32-36 as these documents (including certain company SEC filings, press releases, and presentations; third-party news articles; earnings call transcripts; and state court documents) are integral to and/or explicitly referenced in the Complaint. *See Evolent*, 2021 WL 1439680, at *19 (taking judicial notice of news article that "is certainly integral to and explicitly relied on by Plaintiffs in their . . . Complaint, and Plaintiffs do not challenge the authenticity of the exhibit").

### B.    Exhibits That Are Not Extensively Relied Upon and Do Not Form the Basis of the Complaint Should Not Be Considered

Defendants ask the Court to consider four SEC filings (Exs. 13, 24, 27, and 29) and one earnings call transcript (Ex. 3) that are only briefly mentioned in the Complaint (¶¶ 117, 145, 148, 157, 166(b), 179) on the basis that they are all incorporated by reference into the Complaint. *See*

4

RJN 7-8.  Defendants are wrong.  The Court should not consider these exhibits when deciding the Motion.

Defendants assert that Exhibits 3, 13, 24, 27, and 29 should be incorporated by reference because they are "explicitly referenced and quoted throughout the Complaint."  RJN 7.  This argument fails because "none of these sources is so frequently referenced or so extensively quoted in the complaint that it could be deemed implicitly incorporated into the complaint."  *Kumar v. Republic of Sudan*, 2019 WL 13251350, at *9 (E.D. Va. July 31, 2019); *see also Khoja*, 899 F.3d at 1002 (holding document properly incorporated by reference only "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim").  That is a far cry from here, where Plaintiff made only passing references to Exhibits 3, 13, 24, 27, and 29.  *See* ¶¶ 117, 145, 148, 157, 166(b), 179.  Moreover, Plaintiff does not quote Exhibits 13, 24, or 29 (*see* ¶¶ 117, 145, 148, 179) and "*limited* quotation does not constitute incorporation by reference."  *Diaz v. Century Pac. Inv. Corp.*, 1991 WL 331372, at *5 (C.D. Cal. Dec. 16, 1991) (emphasis added).  Indeed, for the term "extensively" to mean anything with regard to reliance, it should "mean more than once."  *Khoja*, 899 F.3d at 1003; *see also United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("[T]he mere mention of the existence of a document is insufficient to incorporate the contents of a document by reference.").  Here, Plaintiff specifically mentioned Exhibits 3, 13, 27, and 29 only *once* and referenced Exhibit 24 *twice* to make the same point:

- **Exhibit 3 (4Q21 Earnings Call):** "[D]uring both a December 9, 2021 and February 10, 2022 earnings call, an Evercore analyst referenced defendant Pérez 'going to see customers,' stating 'I mean, every time we speak, you're on an airplane or heading to an airplane or going somewhere to see a customer.'"  ¶ 157.

- **Exhibit 13 (2022 Form 10-K):** "[A]ccording to the Company's Forms 10-K for its fiscal years 2021 and 2022, Fluence's five largest customers represented approximately 76% and 77%, respectively, of its revenues during those fiscal years."  ¶ 148.

5

- **Exhibit 24 (1Q24 Form 10-Q):** "Fluence made similar statements in its Form 10-Q for its first fiscal quarter ended December 31, 2023, which was signed by defendant Nebreda, who also filed certifications pursuant to the Sarbanes-Oxley Act attesting to the document's accuracy and completeness." ¶ 117.

  "Fluence made similar statements in its 1Q24 Form 10-Q, which was signed by defendant Nebreda who also filed certifications pursuant to the Sarbanes-Oxley Act attesting to the document's accuracy and completeness." ¶ 179.

- **Exhibit 27 (2024 Form 10-K):** "[A]ccording to the Company's Form 10-K for the fiscal year ended September 30, 2024, Fluence had over 129 million shares of Class A common stock outstanding as of November 20, 2024." ¶ 166(b).

- **Exhibit 29 (1Q25 Form 10-Q):** "Fluence's Forms 10-Q and 10-K from fiscal year 2021 to 1Q25 failed to disclose "a trend, demand, commitment, event or uncertainty [that was] both presently known to management and reasonably likely to have material effects on the registrant's financial condition or results of operation." ¶ 145.[3]

Plaintiff's brief mention of each of these exhibits does not rise to the level of "extensive"; therefore, these exhibits are not incorporated by reference and should not be considered as such.

**C.    The Court Should Not Take Judicial Notice of Documents on Which the Complaint Does Not Rely**

Defendants also ask the Court to take judicial notice of a state court opinion and order, Exhibit 31, that is not referenced in the Complaint and Exhibits 3, 13, 24, 27, and 29. *See* RJN 8. None of these exhibits are proper for judicial notice.

*First*, Exhibit 31 is improper for judicial notice because it is not cited in the Complaint. *See Evolent*, 2021 WL 1439680, at *18, *19 (declining to take judicial notice of transcripts for earnings calls and investor day conferences not cited in complaint); *see also Knurr v. Orbital ATK*

---

[3]    Defendants may argue that ¶ 145 references all Fluence's Forms 10-K and Forms 10-Q from fiscal year 2021 to 1Q25, but this is not a specific or explicit reference to any of those documents except for the Form 10-Q for 1Q25. In any event, this reference does not tip the scales in favor of extensive reliance for Exhibits 13, 24, and 27.

*Inc.*, 276 F. Supp. 3d 527, 532 (E.D. Va. 2017) (finding it "inappropriate to consider" conference call transcript and analyst report when not referenced in the complaint); *In re Under Armour Sec. Litig.*, 409 F. Supp. 3d 446, 456 (D. Md. 2019) (granting motion to strike and declining to "take judicial notice of the truth of the underlying facts" in documents "relate[d] to proceedings in another case in a different court"); *In re Massey Energy Co. Sec. Litig.*, 883 F. Supp. 2d 597, 612 (S.D.W. Va. 2012) (granting plaintiffs' motion to strike exhibits not cited in complaint).

*Second*, the Court should decline to take judicial notice of Exhibits 3, 13, 24, 27, 29, and 31. It is obvious that Defendants want the Court to consider these documents solely for the truth of the matters asserted therein so they can create a counternarrative based on unpled facts and use the documents' contents as evidence to contradict the Complaint. But this is improper. *See Khoja*, 899 F.3d at 1003; *see also Epstein v. World Acceptance Corp.*, 2015 WL 2365701, at *1 n.2 (D.S.C. May 18, 2015) (declining to take judicial notice and stating court "will not consider such materials as evidence contradicting the Amended Complaint"); *Johnson v. Levy*, 812 F. Supp. 2d 167, 176 (E.D.N.Y. 2011) (documents may not be noticed solely to provide counternarrative to complaint). Defendants' only citations to the challenged exhibits (except for Exhibit 31) are in the "Background" section of the Motion. *See* Mot. 3-8. It is well-established that "the determination [of] whether a fact properly is considered under this [Rule 201] exception depends on the manner in which a court uses this information." *Zak*, 780 F.3d at 607. Accordingly, this information can only be seen as used to create a counternarrative to Plaintiff's allegations, which is impermissible at this stage of the litigation. *See Epstein*, 2015 WL 2365701, at *1 n.2 (declining to take judicial notice of documents introducing facts "beyond the four corners of the Amended Complaint for the purposes of contradicting Plaintiff's allegations" because the court will not "convert the motion to dismiss into one for summary judgment"); *United States v. Multistar Indus., Inc.*, 2022 WL

264461, at *3 (E.D. Wash. Jan. 27, 2022) (finding certain of defendant's documents "seem to be offered generally to challenge Plaintiff's factual allegations" and "[c]onsideration of these documents would take the Court's evaluation of the motion to dismiss away from the face of the Complaint and would conflict with the Court's obligation at this stage to construe Plaintiff's factual allegations in the light most favorable to Plaintiff"). In any event, "reliance on [D]efendants' SEC filings" and statements made during earnings calls "is also troubling as it is these very filings" and statements "which have led" Plaintiff "to bring [its] action based on misrepresentation, false statements, and lack of full disclosure." *McIntyre*, 2015 WL 5039431, at *6 (declining to take judicial notice of defendants' SEC filings when "the 'facts' asserted in those documents are not only in dispute, but lie at the core of this lawsuit").

Similarly, Defendants only cite Exhibit 31 in a footnote to support their assertion that "Plaintiff ignores that SEI's claims were *dismissed* well prior to any settlement."[4] Mot. 26 n.10. Defendants offer this exhibit to support their counternarrative that Siemens Energy's claims against Fluence were without merit and thus Defendants' statements describing the Siemens Litigation and settlement are immaterial and not actionably misleading. *See id.* at 26. But this is not a proper reason to take judicial notice of a document. Moreover, there is no need for the Court to take judicial notice of this document because Plaintiff's claims do not depend on the success or failure of Siemens Energy's counterclaim. *See Khoja*, 899 F.3d at 1003 (declining to take judicial notice of blog post when "claims do not rely on what exactly Dr. Jenkins said to this particular blogger" but rather "concern whether [defendant] misled investors about the reliability of the interim results and the status of the Light Study"); *see also Smith v. Pinion*, 2013 WL 3895035, at

---

[4]     Defendants' citation to Exhibit 31 on page 20 of their Motion appears to be in error as the quoted language appears in Exhibit 30.

*2 (M.D.N.C. July 29, 2013) (denying judicial notice request given "the report is not relevant to the respondent's pending motion to dismiss").[5]

### D.     Appendix B

Defendants' Appendix B is a selected list of cautionary language, warnings, and Risk Factors listed in Fluence's SEC filings, including its Forms 10-K and 10-Q, and made during earnings calls.  The Court should only consider Appendix B "to the extent that it makes reference to other exhibits that this Court finds proper to review at the 12(b)(6) stage." *Evolent*, 2021 WL 1439680, at *19.

## IV.     CONCLUSION

For the foregoing reasons, the Court should deny Defendants' RJN with respect to Exhibits 3, 13, 24, 27, 29, and 31 because these exhibits are not mentioned extensively in the Complaint, do not form the basis of Plaintiff's claims, are not "incorporated by reference" into the Complaint, and contain facts subject to reasonable dispute and therefore incapable of judicial notice.  Plaintiff further requests that the Court reject Defendants' factual interpretations and inferences drawn from these documents.  To the extent the Court takes judicial notice of any of these exhibits or finds any

---

[5]     The cases Defendants cite in support of their request for judicial notice of Exhibit 31 are readily distinguishable.  *Colonial Penn Insurance Co. v. Coil* involved completely different claims in a completely different procedural posture.  There, the court took judicial notice of guilty pleas when the issue on appeal was whether the district court had properly enforced a Rule 68 judgment the insurer had revoked when it was notified the fire damage for which it was providing insurance proceeds had been caused by arson.  887 F.2d 1236, 1237-39 (4th Cir. 1989).  In *Butler v. Wells Fargo Bank, N.A.*, the court took "judicial notice of certain documents filed in [plaintiff]'s bankruptcy case" when considering a motion to dismiss claims relating to a promissory note that had led to the foreclosure proceedings that were automatically stayed by the bankruptcy case.  2013 WL 145886, at *1 n.3 (D. Md. Jan. 11, 2013).  In *Day v. DB Capital Group, LLC*, the court took judicial notice of a complaint from a different case attached to the plaintiff's complaint.  2011 WL 887554, at *12 (D. Md. Mar. 11, 2011).  Finally, in *Gunter v. Agents for International Monetary Fund Internal Revenue Service*, the court held it "may" take judicial notice of "state court documents" when defendants argued that plaintiff's claims failed "under the doctrine of *res judicata*" based on "a state court judgment."  2017 WL 219374, at *1-2 (D. Md. Jan 19, 2017).

9

of them to have been incorporated by reference into the Complaint, those exhibits should not be considered for the underlying truth of the matters asserted therein, used to create counternarratives or to resolve factual disputes in Defendants' favor.

Dated:  July 25, 2025

Respectfully submitted,

*/s/ Craig C. Reilly*
CRAIG C. REILLY
VSB #20942
THE OFFICE OF CRAIG C. REILLY, ESQ.
209 Madison Street, Suite 501
Alexandria, VA  22314
Telephone:  703/549-5354
703/549-5355 (fax)
craig.reilly@ccreillylaw.com

Liaison Counsel

DOUGLAS R. BRITTON
LUCAS F. OLTS
JOSEPH J. TULL
ROBBINS GELLER RUDMAN
    & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dougb@rgrdlaw.com
lolts@rgrdlaw.com
jtull@rgrdlaw.com

GREGG S. LEVIN
WILLIAM S. NORTON
CHRISTOPHER F. MORIARTY
CAMERAN M. GILLIAM
MOTLEY RICE LLC
28 Bridgeside Boulevard
Mount Pleasant, SC  29464
Telephone:  843/216-9000
843/216-9450 (fax)
glevin@motleyrice.com
bnorton@motleyrice.com
cmoriarty@motleyrice.com

10

cgilliam@motleyrice.com

Lead Counsel for Lead Plaintiff