**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| In re Fluence Energy, Inc. Securities Litigation | Case No. 1:25-cv-00444-PTG-IDD |

**DEFENDANTS' REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE AND
INCORPORATION BY REFERENCE IN SUPPORT OF MOTION TO DISMISS
PLAINTIFF'S CONSOLIDATED COMPLAINT FOR VIOLATIONS
OF THE FEDERAL SECURITIES LAWS**

**INTRODUCTION**

As Defendants showed in their Request for Judicial Notice and Incorporation by Reference (Dkt. 70, "RJN"), all of the exhibits to the Declaration of Matthew J. Peters (the "Exhibits"), Dkt. 69-3, may be properly considered by this Court at the motion to dismiss stage. *See* RJN at 7-10. Plaintiff does not contest that this Court may consider Exhibits 1-2, 4-12, 14-23, 25-26, 28, 30, 32-36. Instead, Plaintiff argues that seven exhibits are either not incorporated by reference or not subject to judicial notice. These arguments suffer basic, but critical legal flaws, as Plaintiff either ignores or misapplies controlling law. This Court can, and should consider the challenged exhibits.

**ARGUMENT**

**A.      Exhibits 3, 13, 24, 27, and 29 are Incorporated by Reference**

Documents are incorporated by reference when "they are integral to the complaint." *Sec'y of State For Defence v. Trimble Navigation  Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007); *see Murphy v. Franklin*, 2022 WL 19691829, at *1 n.3 (E.D. Va. Aug. 18, 2022) (applying *Trimble* rule and finding document incorporated by reference where it was "integral to the complaint"), *aff'd*, 2025 WL 999857 (4th Cir. Apr. 3, 2025); *Foley v. Mary Washington Healthcare Servs., Inc.*, 2021 WL 3193177, at *1 (E.D. Va. July 28, 2021) (same); *Alman Indus., LLC v. Supreme Metal Sols., Inc.*, 2021 WL 2877124, at *3 (E.D. Va. July 7, 2021) (same).

Plaintiff ignores this controlling standard in its substantive argument, citing a Ninth Circuit case, a case from the Central District of California applying Ninth Circuit law, and another district court decision that did not cite any Fourth Circuit cases regarding incorporation-by-reference. *See* RJN Opp. 5. Relying on these foreign cases, Plaintiff argues that Exhibits 3, 13, 24, 27, and 29 are not incorporated by reference because they are not referenced frequently enough in the Complaint. *See id.* at 5-6. But that is not the law. *See* RJN 5. Instead, the operative question is whether the documents are "integral to the complaint." *Trimble*, 484 F.3d at 705.  Plaintiff makes no reasoned

1

argument why the challenged Exhibits are not integral to the complaint and has therefore forfeited any argument regarding incorporation. Nor does Plaintiff dispute the authenticity of any of the challenged Exhibits, thus forfeiting any argument on that ground. *See Cozzarelli v. Inspire Pharms. Inc*., 549 F.3d 618, 625 (4th Cir. 2008). And, in any event, Exhibits 3, 13, 24, 27, and 29 are integral to the Complaint and thus incorporated by reference.

Exhibits 13, 24, 27, and 29 are either Forms 10-Q or 10-K filed with the United States Securities and Exchange Commission for fiscal years 2021 through 2025. Plaintiff's Complaint alleges that "Fluence's Forms 10-Q and 10-K from fiscal year 2021 to 1Q25 failed to disclose 'a trend, demand, commitment, event or uncertainty [that was] both presently known to management and reasonably likely to have material effects on the registrant's financial condition or results of operation.'"  AC ¶ 145; *see also id.* ¶¶ 137-145 (alleging that Fluence failed to disclose materials in Forms 10-Q and 10-K as required by Item 303). By explicitly referencing Fluence's Forms 10-Q and 10-K and relying on those Forms as the *only grounds* for Section 10(b) liability premised on a violation of Item 303, Exhibits 13, 24, 27, and 29 are necessarily "integral to the complaint" and thus are incorporated by reference. *Trimble*, 484 F.3d at 705; *see State Farm Mut. Auto. Ins. Co. v. Slade Healthcare, Inc.*, 381 F. Supp. 3d 536, 554 (D. Md. 2019) (documents incorporated as "integral to the suit" where they were "a basis for [certain] claims"); *see also Trauernicht v. Genworth Fin. Inc*., 2023 WL 5961651, at *6 (E.D. Va. Sept. 13, 2023) ("The Fourth Circuit [has] held that 'SEC filings, press releases, stock price tables, and other material on which the plaintiff's allegations necessarily rely' can be considered when ruling on a Rule 12 (b) (6) motion.") (*quoting Greenhouse v. MCG Cap. Corp*., 392 F.3d 650, 657 (4th Cir. 2004)).

Exhibit 3 is an earnings call transcript from December 9, 2021. Plaintiff cites and quotes from the transcript of this call in both its Complaint and Opposition to Defendants' Motion to

2

Dismiss (Dkt. 78) to substantiate its core theory that Fluence executives' site visits lead to an inference of scienter. *See* ¶ 157; Opp. 21. Because Plaintiff centers its argument regarding an essential element of its claim on comments made on the call, the call is "integral to the complaint" and incorporated by reference. *Trimble*, 484 F.3d at 705; *see also Cozzarelli*, 549 F.3d at 625 ("[T]he complaint quotes selectively from various reports . . . and plaintiffs argue that we should not consider the reports in full. That argument is erroneous. . . . [W]e must examine the facts as a whole, including facts found in documents incorporated into the complaint by reference." (quotations omitted)); *In re PEC Sols., Inc. Sec. Litig.*, 418 F.3d 379, 389 n.7 (4th Cir. 2005) ("Because the CAC relied on Mead's public testimony it is proper to consider the full text of the testimony.").

### B.       The Exhibits Are Properly Subject to Judicial Notice

Plaintiff also argues that this Court should not take judicial notice of Exhibits 3, 13, 24, 27, 29, and 31. Because Exhibits 3, 13, 24, 27, 29 are incorporated by reference, as explained above, this Court may consider them pursuant to that legal rubric alone. *See, e.g.*, *Trimble*, 484 F.3d at 705. That the documents are subject to judicial notice is merely an additional ground on which this Court may rely. And, in any event, Plaintiff is wrong that this Court may not take judicial notice of the challenged Exhibits.

Plaintiff does not contest that Exhibits 3, 13, 24, 27, 29 are authentic and subject to judicial notice under the Federal Rules of Evidence and has thus forfeited any argument on those grounds. Plaintiff merely asserts that this Court "should decline" to consider the documents because this Court might use them "to create a counternarrative to Plaintiff's allegations." RJN Opp. 7. Plaintiff cites only one case from this Circuit in support of its proposition that the specter that this Court might "create[e] a counternarrative" is a cognizable legal ground to deny judicial notice. *See id.* (citing *Epstein v. World Acceptance Corp.*, 2015 WL 2365701, at *1 n.2 (D.S.C. May 18, 2015)).

But the court in *Epstein* declined to take judicial notice of documents "that d[id] not relate to the contents of the Amended Complaint." *Id.* 2015 WL 2365701, at *1 n.2. Plaintiff does not argue here that Exhibits 3, 13, 24, 27, 29, and 31 "do not relate to the contents of the Amended Complaint." *Id. Epstein* is therefore inapt. And, in any event, Fourth Circuit authority disproves Plaintiff's last-ditch, novel "counternarrative" theory of judicial notice.

Courts "are not strictly limited to the four corners of the complaint when examining [that] complaint." *In re PEC Sols., Inc. Sec. Litig.*, 418 F.3d 379, 389 n.7 (4th Cir. 2005). When a complaint—as Plaintiff's here—"relies upon a public document a court may as well without converting the motion to dismiss into a motion for summary judgment." *Id.* And, consistent with that settled rule, courts in this Circuit routinely judicially notice the *exact kinds* of documents as Exhibits 3, 13, 24, 27, and 29. *See In re Mun. Mortg. & Equity, LLC, Sec. & Deriv. Litig.*, 876 F. Supp. 2d 616, 626 n. 7 (D. Md. 2012), *aff'd sub nom. Yates v. Mun. Mortg. & Equity, LLC*, 744 F.3d 874 (4th Cir. 2014) ("Judicial notice is appropriate of the content of S.E.C. filings, to the extent that this establishes that the statements therein were made"); *see also* RJN 8-9 (gathering cases). This Court should also do so here.

Plaintiff also does not contest that Exhibit 31—an order of a Virginia state court—is authentic and subject to judicial notice under the Federal Rules of Evidence and has forfeited any argument to the contrary. Plaintiff only argues that "Exhibit 31 is improper for judicial notice because it is not cited in the Complaint." RJN Opp. at 6. But that is markedly not the law. This "Court may take judicial notice of matters in the public record, such as [court] proceedings, subsequent appeals, and any other proceedings . . . 'even when the documents are *neither referenced by* nor integral to plaintiff's complaint." *Yates v. U.S. Bank Nat'l Ass'n*, 2024 WL 4170689, at *2 (E.D. Va. Sept. 12, 2024) (emphasis added) (*quoting Witthohn v. Fed. Ins. Co.*,

4

164 F. App'x 395, 396-97 (4th Cir. 2006)); *see also Brown v. Haines*, 2024 WL 1312481, at *2 n.4 (E.D. Va. Mar. 27, 2024) (similar), *aff'd*, 2024 WL 5200154 (4th Cir. Dec. 23, 2024); *McKenney's, Inc. v. Leebcor Servs.*, LLC, 2021 WL 2389810, at *2 (E.D. Va. May 12, 2021) (similar). And, even if Exhibit 31 were *not* a court filing, "district courts in this circuit routinely take judicial notice of [materials] to assess what the market knew at particular points in time, even where the materials were not specifically referenced in the complaint." *In re Hum. Genome Scis. Inc. Sec. Litig.*, 933 F. Supp. 2d 751, 758 (D. Md. 2013) (citation and internal quotations omitted); *see also Hirtenstein v. Cempra, Inc.*, 348 F. Supp. 3d 530, 550 (M.D.N.C. 2018) ("Within the context of securities fraud actions, courts routinely take judicial notice of publicly available documents that discuss the subject of the case, particularly in cases such as this where there are allegations of fraud on the market."), *aff'd sub nom. Janies v. Cempra, Inc.*, 816 F. App'x 747 (4th Cir. 2020). Plaintiff's citation argument fails.

Plaintiff also proffers that this Court should not take judicial notice of Exhibit 31 because Defendants "offer this exhibit to support their counternarrative that Siemens Energy's claims against Fluence were without merit and thus Defendants' statements describing the Siemens Litigation and settlement are immaterial and not actionably misleading." RJN Opp. at 8. Not so. As explained, courts in this Circuit routinely take judicial notice of court filings and other materials in the public domain to "assess what the market knew at particular points in time." *In re Hum. Genome Scis. Inc. Sec. Litig.*, 933 F. Supp. 2d at 758. Defendants cite Exhibit 31 for this permissible purpose, namely to show that "the market knew" that the relevant litigation had been dismissed with prejudice "at [a] particular point[] in time." *Id.*; *see* Mot. 25 n.10 (citing Exhibit 31 to argue that "Plaintiff ignores that SEI's claims were dismissed *well prior* to any settlement.").

**C.      Plaintiff Misstates The Law Of Incorporation By Reference**

Plaintiff insists that, should this Court find documents incorporated by reference, "those exhibits should not be considered for the underlying truth of the matters asserted therein, used to create counternarratives or to resolve factual disputes in Defendants' favor." RJN Opp. 10. Plaintiff cites no authority for this request. Nor could it. That is because when a document is incorporated by reference, the entirety of a document is treated as if it were in the complaint and is thus *assumed to be true* for purposes of a motion to dismiss. *See Cozzarelli*, 549 F.3d at 625 (court "must  examine the facts as a whole, including facts found in 'documents incorporated into the complaint by reference'") (*quoting Tellabs v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)); *In re PEC Sols., Inc. Sec. Litig.*, 418 F.3d at 388 n.7 (explaining that the court is "not strictly limited to the four corners of the complaint when examining this complaint"). This Court should decline Plaintiff's invitation to ignore this foundational rule of law.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court consider Exhibits 3, 13, 24, 27, 29 and 31 in assessing Defendants' Motion to Dismiss.

6

Dated: July 31, 2025

Respectfully submitted,

/s/ *J. Christian Word*
J. Christian Word VA Bar 46008
Laura E. Bladow VA Bar 93395
Sarah Tomkowiak (*pro hac vice*)
Matthew J. Peters (*pro hac vice*)
Henry Zaytoun (*pro hac vice*)
Latham & Watkins LLP
555 Eleventh Street, NW Suite 1000
Washington, DC 20004
Tel: (202)-637-2200
Fax: (202)-637-2201
laura.bladow@lw.com
matthew.peters@lw.com
henry.zaytoun@lw.com

Colleen C. Smith (*pro hac vice*)
Latham & Watkins LLP
12670 High Bluff Drive
San Diego, CA 92130
Tel.: (858) 523-5400
Fax: (858) 523-5450
colleen.smith@lw.com

*Attorneys for Defendants Fluence Energy, Inc.,*
*Manuel Pérez Dubuc, Dennis Fehr, Julian Nebreda,*
*Manavendra Sial, Ahmed Pasha, and Rebecca Boll*

7