**IN THE UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| IN RE FLUENCE ENERGY, INC. SECURITIES | ) | 1:25-cv-444 (PTG/IDD) |
| LITIGATION | ) | |
| | ) | |
| | ) | |
| | ) | |

## ORDER

This matter is before the Court on the Motion to Dismiss (Dkt. 68) filed by Defendants

Manuel Pérez Dubuc, Dennis Fehr, Julian Nebreda, Manavendra Sial, Ahmed Pasha, Rebecca Boll

(together, "Individual Defendants"), and Fluence Energy, Inc. ("Fluence"). Also before the Court

is Defendants' Request for Judicial Notice and Incorporation by Reference in Support of Motion

to Dismiss (Dkt. 70) filed by Individual Defendants and Fluence, and the Motion to Dismiss (Dkt.

72) filed by Defendants the AES Corporation and AES Grid Stability, LLC (together, "AES").

AES states that they "join the Motion" filed by Individual Defendants and Fluence, and AES

"submits that the Consolidated Complaint should be dismissed in its entirety for the reasons given

therein." Dkt. 73 at 1.

On May 30, 2026, this Court consolidated two cases against Defendants and appointed

Erste Asset Management GmbH ("Erste AM") as Lead Plaintiff in the consolidated case. Dkt. 51;

*Abramov v. Fluence Energy, Inc. et al.*, Civil Action No. 1:25-cv-444; *Kramer v. Fluence Energy,*

*Inc. et al.*, Civil Action No. 1:25-cv-634. The Consolidated Complaint brings two counts of

securities fraud on behalf of Erste AM and all others similarly situated (together, "Plaintiffs").

Dkt. 58. Count I, against Individual Defendants and Fluence, alleges violations of § 10(b) of the

Securities Exchange Act of 1934 (the "Exchange Act") and Securities and Exchange Commission ("SEC") Rule 10b-5. *Id.* Count II, against Individual Defendants and AES, alleges violations of § 20(a) of the Exchange Act. *Id.* This matter was fully briefed by the parties. Dkts. 68, 69, 70, 72, 73, 78, 79, 80, 81, 82, 83, 87, 89. The Court finds that oral argument will not aid the decisional process and will resolve this matter on the papers.

For a private party to state a Section 10(b) claim, they must plead six elements: "(1) a material misrepresentation or omission by the defendant; (2) scienter; (3) a connection between the misrepresentation or omission and the purchase or sale of a security; (4) reliance upon the misrepresentation or omission; (5) economic loss; and (6) loss causation." *San Antonio Fire & Police Pension Fund v. Syneos Health Inc.*, 75 F.4th 232, 240 n.7 (4th Cir. 2023) (quoting *Stoneridge*, 552 U.S. at 157, 128 S.Ct. 761). Defendants argue that Plaintiffs have failed to plead three elements: a material misrepresentation or omission, scienter, and loss causation. Dkt. 69.

Material misrepresentations or omissions must be pled under the heightened standard set by the Private Securities Litigation Reform Act ("PSLRA"). A plaintiff must "specify each statement alleged to have been misleading" and give the "reasons why" it is misleading. 15 U.S.C. § 78u-4(b). A statement cannot be a material misrepresentation or omission if it is puffery, a statement of opinion, or a forward-looking statement protected under the safe-harbor provision of the PSLRA. *Employees' Ret. Sys. of the City of Baton Rouge & Par. of E. Baton Rouge v. MacroGenics, Inc.*, 61 F.4th 369, 386 (4th Cir. 2023); 15 U.S.C. §§ 78u-5(c)(1). Here, the Court finds that Plaintiffs have failed to identify an actional misrepresentation or omission.

To plead scienter, Plaintiffs must establish that Defendants intentionally or recklessly misled them. *San Antonio Fire & Police Pension Fund v. Syneos Health Inc.*, 75 F.4th 232, 240 (4th Cir. 2023) (citing *Ottmann v. Hanger Orthopedic Grp., Inc.*, 353 F.3d 338, 344 (4th Cir.

2003)).  To plead corporate liability, Plaintiffs must adequately allege that "at least one corporate agent acted with the required state of mind." *Matrix Cap. Mgmt. Fund, LP v. BearingPoint, Inc.*, 576 F.3d 172, 189 (4th Cir. 2009).  Under the PSLRA, securities fraud plaintiffs are required to "state with particularity facts giving rise to a *strong* inference" of scienter.  15 U.S.C. § 78u-4(b)(2) (emphasis added).  Here, the Court finds that Plaintiffs have failed to allege facts supporting a strong inference of scienter.

Accordingly, for these reasons and those that will be set forth in a more fulsome, forthcoming memorandum opinion, it is hereby

**ORDERED** that the Motion to Dismiss (Dkt. 68) filed by Individual Defendants and Fluence, and the Motion to Dismiss (Dkt. 72) filed by AES are **GRANTED**.  The Consolidated Complaint (Dkt. 58) is hereby **DISMISSED without prejudice**.  Plaintiffs may file an amended complaint within 14 days of the date of issuance of the forthcoming memorandum opinion; and it is further

**ORDERED** that Defendants' Request for Judicial Notice and Incorporation by Reference in Support of Motion to Dismiss (Dkt. 70) filed by Individual Defendants and Fluence is **DENIED as moot** because the Court did not rely on any of the disputed materials identified therein.

Entered this __31st__ day of March, 2026.
Alexandria, Virginia.

/s/
Patricia Tolliver Giles
United States District Judge

3